## CSALLO ET AL. v. STATE OF INDIANA.

[No. 25,114.   Filed January 5, 1927.]

1. INTOXICATING LIQUORS.—*Prohibition law of 1925, making possession of intoxicating liquor an offense, not unconstitutional.*— The provision in §4 of the prohibition law of 1925 (Acts 1925 p. 144, §2717 Burns 1926) making it a criminal offense to have possession of intoxicating liquor is not unconstitutional.   p. 695.

2. CRIMINAL LAW.—*Sufficiency of affidavit because of uncertainty not questioned by motion in arrest of judgment.*—A motion in arrest of judgment does not raise the question of the insufficiency of the affidavit because of uncertainty in the statement of facts constituting the offense intended to be charged in the affidavit.   p. 695.

From St. Joseph Circuit Court; *Cyrus E. Pattee,* Judge.

Alex Csallo and Steve Szabo were convicted of violating the Prohibition Law of 1925 by having possession of intoxicating liquor, maintaining a liquor nuisance and having possession of liquor received from a common carrier, and they appeal. *Affirmed.*

*D. D. Nemeth,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—An affidavit was filed charging appellant Csallo, in two counts, with a violation of the Prohibition Law of this state and also an affidavit charging appellants Csallo and Szabo jointly in three counts, with a violation of such law, the first count charging unlawful sale and the second count charging the maintenance of a nuisance and the third count charging the appellants with the unlawful possession of intoxicating liquor received from a common carrier. Pleas of not guilty were entered to each of the several counts by each of the defendants, and they were tried together by a jury.

Two general verdicts were found.   One against the

appellant Steve Szabo, finding him guilty as charged in the affidavit, and that he should be fined $100 and imprisoned in the county jail for a period of thirty days. The other finding generally the appellant, Alex Csallo, guilty as charged in the affidavit and that he should be fined in the sum of $200 and imprisoned in the county jail for a period of ninety days. Judgments were rendered on these verdicts and from such judgments, appellants appeal.

The only error relied on for reversal is that the court erred in overruling appellants' several and joint motion in arrest of judgment. A motion in arrest of judgment is by statute limited in its scope. §2326 Burns 1926. It may be granted by the court for either of the following causes: First, that the grand jury which found the indictment had no legal authority to inquire into the offense charged for the reason that such offense was not in the jurisdiction of the court. Second, that the facts stated in the indictment or affidavit do not constitute a public offense.

The motion in arrest of judgment in the instant case is based on the assumption of appellants that §4 of Acts 1925 p. 144, entitled, "An Act concerning Intoxicating Liquors" is unconstitutional and void for the reason that it assumes to render unlawful the possession of intoxicating liquor without any intention therewith or thereby to commit any crime, and is contrary to the Constitution of the State of Indiana, requiring legislation to be specific, definite and certain. Appellants also claim that the affidavit is insufficient because it does not define certainly what facts or circumstances exist under which there may be a legal sale or transportation of intoxicating liquor.

The contention that the law is unconstitutional for the reasons alleged by appellants, has been considered and decided in *Guetling* v. *State* (1926), *ante* 284, 152

N. E. 166. The decision in that case is adverse to 1. the claim of appellants. See, also, on this subject *Schmitt, Supt.,* v. *F. W. Cook Brewing Co.* (1918), 187 Ind. 623, 120 N. E. 19, 3 A. L. R. 270; *Crane* v. *Campbell* (1917), 245 U. S. 304, 38 Sup. Ct. 98, 62 L. Ed. 304; *In re Crane* (1915), 27 Idaho 671; *State* v. *Lewis* (1893), 134 Ind. 250.

A motion in arrest of judgment does not question the affidavit for uncertainty in the statement of facts constituting the offense intended to be charged in 2. the affidavit. *Rowe* v. *State* (1921), 191 Ind. 536, 133 N. E. 2; §2326 Burns 1926. Such uncertainty can only be questioned by a motion to quash and not by motion in arrest. *Rowe* v. *State, supra.*

Judgment affirmed.