MILLER *v*. STATE OF INDIANA.

[No. 26,714. Filed March 16, 1937.]

*George Sands*, for appellant.

*Omer S. Jackson*, Attorney-General, and *Henry R. Wilson, Jr.*, Assistant Attorney-General, for the State.

FANSLER, J.—Appellant was indicted with two others, tried, and convicted of the offense of conspiracy to commit grand larceny.

He assigns as error the overruling of his motions to quash the indictment, in arrest of judgment, and for a new trial.

The indictment charges that appellant, George Martin, and John Doe, whose true Christian name was unknown, and divers others persons, whose true names were unknown, to the grand jurors, conspired to commit a felony, "to-wit, to unlawfully and feloniously take, steal and carry away, divers large sums of money, to-wit, more than twenty-five ($25.00) dollars, the exact amount being to the Grand Jurors unknown, said divers large sums of money being the property of divers persons unknown to the Grand Jurors unknown, with the intent then and there on the part of the said defendants and said divers other unknown persons first above mentioned, to convert said large sums of money to their own use, said large sums of money being good and lawful money of the United States and of a value of more than twenty-five ($25.00) dollars, the exact value of which being to the Grand Jurors unknown, contrary to the form of the Statute."

Appellant says that the indictment does not state a public offense, since it fails to name the person or persons conspired against, and to designate the amount of money which appellant conspired with others to steal; that there is no showing on the face of the indictment that the felony which was intended was of such nature that the conspirators could not have known who they intended to rob, or the amount of money which they intended to take, and that therefore the indictment must be held to be an attempt to charge a conspiracy to commit a larceny against particular persons and for an anticipated amount; that,

since the names of the persons alleged to have been conspired against are not set forth, and the amount of money not alleged, the failure to recite such details rendered the indictment fatally defective. As supporting this theory, appellant cites *Kreig* v. *State* (1934), 206 Ind. 464, 190 N. E. 181, and *McKee* v. *State* (1887), 111 Ind. 378, 12 N. E. 510, but they furnish no support for the contention. In the Kreig Case, the McKee Case is construed as holding that (p. 469) : ". . . where the felony is not charged to have been completed, and the conspiracy was intended to operate upon no particular person, but upon any person who could be made a victim, or in other cases where it is apparent that the names of those whom it was intended to defraud may not be known, or cannot be known, to the grand jury, the names of those intended to be defrauded may be omitted." In this case the felony which was the object of the conspiracy is not charged to have been completed. It is expressly alleged in the indictment that the persons upon whom the larceny was to operate, and the amount of money which was intended to be taken, were unknown. The sufficiency of the facts before the grand jury to justify the charges in the indictment cannot be questioned, and the recitals concerning knowledge, or want of knowledge, of the names of parties, or other matters, must be accepted as true. *Rice* v. *State* (1937), post 496, 5 N. E. (2d) 512. In the Kreig Case it was alleged in the indictment that the character of the written instruments was unknown to the grand jury. It appeared from the face of the indictment that some only of the instruments involved had not been seen by, and had not been in the possession of, the grand jury, from which it was necessarily inferred that some of such instruments were before the grand jury and known to them, and it was held that, where it affirmatively appeared that such information was before the grand

jury, and there was no explanation as to why it was not described, the indictment is defective. But there is nothing in the indictment here in question which indicates that the grand jurors had any information as to the persons against whom the conspiracy was to operate, or the amounts of money which the conspirators intended to take. There was no error in overruling the motion to quash.

By his motion in arrest of judgment, appellant sought to assert the same objections to the indictment presented by his motion to quash. If this objection can be raised by a motion in arrest of judgment, the question is disposed of by what has been said with reference to the motion to quash. See *Csallo et al.* v. *State* (1927), 198 Ind. 693, 154 N. E. 671, and *Rowe* v. *State* (1921), 191 Ind. 536, 133 N. E. 2.

Appellant complains of the admission of the testimony of a witness, concerning acts and declarations of one of the alleged coconspirators, at a point in the trial at which he says a prima facie case of conspiracy against those charged had not been established. The state relied upon circumstantial evidence. If, in such cases, evidence of the circumstances upon which the state relies to establish the conspiracy is all excluded until the conspiracy is established, it may become impossible for the state to proceed. It is well settled that the order of proof is a matter largely within the discretion of the court. It is true that, unless there is evidence connecting an alleged coconspirator with the defendant in a conspiracy, acts and statements of the alleged coconspirator should not be permitted to go to the jury, and if proof of such acts and statements has been admitted, it should under such circumstances be withdrawn from the jury by proper instruction. But acts and statements of one of the parties to an alleged conspiracy, in the presence of the others, may of them-

selves, under some circumstances, be evidence of the conspiracy. If there was sufficient evidence from which the jury could find that there was a conspiracy, the admission of the evidence was not error. *Cook* v. *State* (1907), 169 Ind. 430, 82 N. E. 1047.

A gold watch and a leather billfold, which were in the possession of the defendant at the time of his arrest, were admitted in evidence, in connection with evidence that he could not identify or describe those objects. They were properly admitted as a part of the circumstantial evidence tending to establish the allegations of the indictment. The theory of the state was that the defendant had conspired to pick the pockets of persons in a crowd attending a football game, without any specific design as to any particular person. The evidence above referred to was introduced in connection with evidence that the conspirators were mingling with the crowd in a manner that was calculated to afford an opportunity for picking pockets. The sufficiency of the evidence to establish the conspiracy is not questioned by this appeal, and it cannot be said that the evidence in question did not tend to support the charge. No other questions are presented.

Judgment affirmed.