ENGLAND *v.* STATE OF INDIANA.

[No. 30,919. Filed January 24, 1968.]

*James L. Kershaw, Goltra, Cline, King and Kershaw,* of Columbus, for appellant.

*John J. Dillon,* Attorney General, and *Charles J. Deiter,* Deputy Attorney General, for appellee.

LEWIS, C. J.—England prosecutes this appeal after he had been convicted by a jury for the offense of uttering a forged instrument.

The claimed errors are as follows:

(1) That the verdict of the jury is not sustained by sufficient evidence.

(2) The court erred in refusing to strike out the testimony of a witness; said testimony being in the nature of a conclusion and was beyond the knowledge of the witness.

(3) The court erred in admitting into evidence two [2] handwritten checks found in the appellant's car after his arrest.

(4) That the trial court erred in giving to the jury defendant's instruction number 14 as modified by the court.

(5) That the trial court erred in refusing to direct a verdict for the appellant at the close of the State's evidence and at the close of all evidence.

The formal charge lodged against the appellant was by affidavit and, omitting the formal parts reads as follows:

". . . Herbert Line being duly sworn, upon oath, says that he is informed and believes that on or about the 11th day of June, 1964, at and in the County of Bartholomew and State of Indiana, one Olen Wayne Asher and one Ludford Dallas England did then and there unlawfully, feloniously, fraudulently, and knowingly utter, publish and deliver to one Robert Glenn, an employee of the Irwin Union Bank and Trust Company of Columbus, Indiana, as true and genuine, a certain false, forged and counterfeit check for the payment of money, to-wit: Ninety ($90.00) Dollars, said pretended check purporting to have been made and executed by one Molean Gibson in favor of one Larry

Sullivin which said false, forged and counterfeit check is of the following tenor, to-wit:

No. 71-234

Columbus, Indiana June 10, 1964

Pay to the order of Larry Sullivin $90.00

Ninety and 00

100

100 _____dollars

IRWIN UNION
Bank and Trust Company
Columbus, Indiana /s/ Molean Gibson

with intent then and there and thereby feloniously, falsely and fraudulently to defraud the said Robert Glenn, they, the said Olen Wayne Asher and Ludford Dallas England, then and there well knowing the said check to be false, forged and counterfeit, then and there being contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Indiana. . . ."

England contends that the affidavit charged him with an intent to defraud one Robert Glenn; whereas, in truth and in fact, the evidence shows that he could have intended to defraud only Irwin Union Bank and Trust Company and not Glenn, the teller.

On June 11, 1964, the appellant, accompanied by another male companion, drove to a bank in Columbus, Indiana. The bank was equipped with a drive-in window which enabled one to transact business without leaving the car. Appellant placed a check in the "tray" which extended outside the building at the "drive-in" window. The check was found to be defective and payment was refused. There were no words exchanged between the teller, Robert Glenn, and the appellant, except for a greeting and a request to wait while Glenn checked to obtain the missing code number.

Appellant contends there is no evidence to show he intended to defraud the teller, rather than the bank itself, and that the affidavit is not proven. The fact that the check was a forgery is clear; however, in its presentation to the teller we

must determine whether there is sufficient evidence to prove the necessary intent. In *Fletcher* v. *State* (1874), 49 Ind. 124, this Court said:

> ". . . The intent to defraud may be presumed from the general conduct of the defendant; and if the necessary consequences of the previous acts be to defraud some particular person, the jury may convict, notwithstanding that the person states his belief on oath that the prisoner did not intend to defraud him. Roscoe Crim. Ev. 561; *Regina* v. *Hill*, 8 C. & P. 274." See also *Brown* v. *State* (1953), 232 Ind. 227, 111 N. E. 2d 808.

We conclude the offering of the check to the teller with no instructions, when this act is generally construed in the banking industry as a request to exchange said check for cash, is sufficient conduct to warrant the jury to believe that the appellant intended to cash a forged instrument. The fact that Glenn was acting as an agent for his employer in no way distinguishes the situation from that alleged in the affidavit. His employer is an inanimate corporation rendering it essential that one must defraud one of its employees in order to obtain the desired funds. Appellant did, indeed, attempt to defraud bank-teller Glenn, but Glenn's capacity as agent does not obviate the appellant's intent to defraud him.

Appellant's second alleged error concerns the following testimony:

> STATE: "All right, when he was—what did you do with respect to him then, if you recall?"
> WITNESS: "I told him that we needed handwriting samples from his also reference to the check that was attempted, they had attempted to cash on June 11th at the Irwin Union Bank."
> DEFENDANT: "I think I'll object and ask that this be stricken unless it's shown to be within the, his knowledge and so far he's not testified to any knowledge of this."
> STATE: "Knowledge of what?"
> DEFENDANT: "Specifically that they attempted to cash on June the 11th which constitutes a conclusion on the part of the witness."

STATE: "Your honor, I would not ordinarily call Mr. Line as a witness at this time, however, I want to get him back in the hospital, and I ask the Court's indulgence to admit this evidence and it will be connected up by other evidence.

JUDGE: "The object is not sustained. You may proceed."

It is appellant's contention that witness Line's statement to the effect that appellant had attempted to cash a forged check was a conclusion and without his knowledge.

Appellant cites *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322, in which a police officer testified that previous to the arrest he had been informed that the defendant was a bootlegger. This Court said in *Bryant* v. *State, supra:*

". . . Coming from a peace officer, this testimony, no doubt, made an impresson upon the jury. It was hearsay and entirely incompetent, and we can not say that it did not prejudice the substantial rights of the defendant."

In examining appellant's argument, we are first met with the standard as set out in *Temple et al.* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850, in which the following statement is made as to certain testimony erroneously admitted into evidence and assigned as error.

"Under such circumstances, even though there may have been error in the course of the trial with regard to the admission of such evidence or the conduct of the prosecutor, such error will be considered harmless, unless it appears that the asserted error was, in some way, prejudicial to the accused. (Cites omitted)."

In the case at bar, there is ample uncontradicted evidence which establishes the guilt of the appellant without the use of the testimony complained of. As *Temple* v. *State* (*supra*) dictates, this Court must look to the *statement* and the *circumstances* in order to determine whether the statement rendered may have had any influence on the outcome of the trial.

We conclude that the statements of the witness Line, while they may have been erroneously admitted into evidence, were harmless since the guilt of the appellant was otherwise established by independent uncontradicted evidence.

We do not purport to hold here that *Temple* v. *State, supra,* is authority for holding that erroneously admitted evidence cannot become prejudicial. We feel that each case must be examined individually and that the Trial Court and this Court must examine each set of facts to determine whether or not the erroneously admitted evidence was of such a nature that the jury was likely to be prejudiced. In the case at bar we cannot hold that the evidence set out, *supra,* was such that would prejudice the jury against the appellant.

Appellant's third alleged error concerns the admission into evidence of two fraudulent checks found in the appellant's automobile. The car was searched after the appellant was arrested with one of the checks being found under the floor mat of the car and the other being in the glove compartment. It is appellant's contention that since these checks were not used in the crime for which he was charged, nor any other crime, that they were irrelevant and prejudicial thereby constituting error.

"It is a well-established principle of criminal law that evidence of guilt found upon a person under legal arrest for a crime may be used in evidence against him. Whatever is found upon his person or in his possession which was a part of the means by which he accomplished the crime, whether an instrument, device, or token, is legitimate evidence for the prosecution and may be taken from him and used for that purpose. . . ." 29 Am. Jur. 2d, *Evidence,* § 288, p. 335.

In *Miller* v. *State* (1937), 211 Ind. 317, 6 N. E. 2d 948, the appellant had been convicted of conspiracy to pick pockets in a football crowd; this Court said:

"A gold watch and a leather billfold, which were in the possession of the defendant at the time of his arrest, were

admitted in evidence, in connection with evidence that he could not identify or describe those objects. They were properly admitted as a part of the circumstantial evidence tending to establish the allegations of the indictment. The theory of the state was that the defendant had conspired to pick the pockets of persons in a crowd attending a football game, without any specific design as to any particular person. The evidence above referred to was introduced in connection with evidence that the conspirators were mingling with the crowd in a manner that was calculated to afford an opportunity for picking pockets. The sufficiency of the evidence to establish the conspiracy is not questioned by this appeal, and it cannot be said that the evidence in question did not tend to support the charge. . . ."

Appellant's fourth assigned error concerns the following instruction as given by the Trial Judge:

"You are instructed that the defendants are charged with intending to defraud Robert Glenn by offering to him as genuine a forged check knowing such check was forged. In order to find the defendants guilty of this charge you must find that the said Robert Glenn either personally or as cashier of the Irwin Union Bank and Trust Company could have been defrauded by the said check."

As previously stated, Robert Glenn's capacity, as agent for the bank or himself personally, is irrelevant. This instruction reflects this statement. The affidavit charged that the appellant attempted to defraud Robert Glenn. The instruction correctly points out the capacity in which he was acting at the time could have been either as an agent for the bank or himself personally. We can see no error in this.

Appellant also objects to the use of the word "cashier," when in reality Glenn was a "teller." While this distinction is a very real one to the people in the banking industry, it is highly doubtful that the jury would be misled by it. In *Eastin* v. *State* (1954), 233 Ind. 101, 117 N. E. 2d 124, this Court stated:

". . . In construing the correctness of instructions it has been the practice of this court to disregard clerical mistakes

or verbal inaccuracies which do not confuse the jury. *McCutcheon* v. *State* (1927), 199 Ind. 247, 256, 155 N.E. 544; *White* v. *State* (1906), 37 Ind. App. 95, 100, 101, 76 N. E. 554; *Flannigan* v. *State* (1922), 192 Ind. 19, 134 N. E. 885; *Faulkenberg* v. *State* (1926), 197 Ind. 491, 495, 151 N. E. 382; *Mitchell* v. *State* (1923), 193 Ind. 1, 138 N. E. 507 *supra.* . . ."

Appellant's last assigned error concerns the court's refusal to direct a verdict for the appellant at the close of the State's evidence, and at the close of all the evidence in that there was a total failure of proof of the intent to defraud Robert Glenn. As previously stated in this opinion, we conclude that there was sufficient proof of the required intent.

Judgment affirmed.

Arterburn, J., Hunter, J., Jackson, J., and Mote, J., concur.

NOTE.—Reported in 233 N. E. 2d 168.