BUSH *v.* STATE OF INDIANA.

[No. 967S78. Filed June 14, 1968. Rehearing denied August 14, 1968.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

PER CURIAM.—This is an appeal from the judgment of the Criminal Court of Marion County, Division 1, in a cause in which the appellant was tried by the court and found guilty of the offense of uttering a forged instrument. The appellant asserts error in the court in overruling appellant's motion for a new trial.

The formal charge lodged against the appellant was by affidavit, and omitting the formal points, as follows:

"* * * Leroy G. Callahan who, being duly sworn upon his oath says that Dougles Herbert Bush on or about the 21st day of December, A.D. 1966, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and knowingly utter, publish, pass and deliver to INDIANA HOTEL COMPANY, a corporation doing business as CLAYPOOL HOTEL, as true and genuine, a certain false, forged and counterfeit check for the pay-

ment to money, to-wit: Forty-three Dollars ($43.00) in lawful money, said pretended check purporting to have been made and executed by one E. B. Brown in favor of Lawrence Orr which said false, forged and counterfeit check is of the following tenor, viz:

with intent then and there and thereby feloniously, falsely and fraudulently to defraud the said Indiana Hotel Company, a corporation doing business as Claypool Hotel, the said Douglas Herbert Bush then and there well knowing the said check to be false, forged and counterfeit, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant contends that there was no evidence that the check in question was forged by anyone or that the defendant knew it was forged. Appellant contends further that it did

not purport to be a check made by anyone other than "E. G. Grawn." It is questionable whether the check is written as E. B. Brown or E. G. Grawn, the letters "G" and "B" as written, being in some doubt, and the letter "a" in the second name rather than "o" likewise being of some doubt. This would in no way be material to the matter on appeal.

The pertinent part of Burns' § 10-2102 reads as follows:

"Whoever . . . utters . . . any . . . instrument knowing the same to be false, defaced, altered, forged falsely printed or photographed, with intent to defraud any person . . . shall, on conviction, be imprisoned in the state prison . . ."

This court has held "uttering" a forged instrument ■ is the passing of same for payment. *Strickland* v. *State,* (1940), 217 Ind. 588, 29 N. E. 2d 950.

The state offered testimony by the general cashier of the Claypool Hotel, Indianapolis. On December 21, 1966, appellant came to her cashier's window to cash a check, state's exhibit No. 3. The cashier was cross-examined by the attorney for the appellant as to this exhibit as follows:

"Q. Mrs. Phillips, at this time I will show you what has been marked for purposes of identification State's Exhibit Number Three and ask if you can tell us what that is please?
A. Yes, sir, that's the check I cashed for Mr. Orr on the twenty-first of December.
Q. By Mr. Orr, do you refer to the defendant over there?
A. Yes sir."

Thus, the cashier identified the appellant as the man who cashed the check in question. There was further testimony by an officer of the bank that nobody had an account at the bank with the account number which was on the check, state's exhibit No. 3.

The most recent case *England* v. *State* (1968), 249 Ind. 466, 12 Ind. Dec. 575, 233 N. E. 2d 168, is directly in point with the case on appeal. In *England* v. *State, supra,* Chief Justice Lewis stated:

"We conclude the offering of the check to the teller with no instructions, when this act is generally construed in the banking·industry as a request to exchange said check for cash, is sufficient conduct to warrant the jury to· believe that the appellant intended to cash a forged instrument."

Under the holding of that case there was sufficient evidence to sustain the conviction by the trial court. The general rule is that if there is any evidence of the facts essential to support the judgment, a conviction will be sustained. *Mathews* v. *State* (1967), 248 Ind. 563, 10 Ind. Dec. 715, 228 N. E. 2d 1. Furthermore, when the question of the sufficiency of the evidence is raised, the Supreme Court will consider only that evidence most favorable to the state, together with all the reasonable inferences to be drawn therefrom. *Fisher* v. *State* (1966), 247 Ind. 598, 9 Ind. Dec. 108, 219 N. E. 2d 818; *Donaldson* v. *State* (1952), 231 Ind. 434, 108 N. E. 2d 888.

The judgment of the trial court is affirmed.

Jackson, J., dissents.

Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 584.