SCRUGGS v. STATE OF INDIANA.

[No. 668S100. Filed May 7, 1969. No petition for rehearing filed.]

*Bruce R. Snyder,* Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, for appellee.

GIVAN, J.—This is an appeal from a conviction of the crime of uttering a forged check. Trial was before the Court without the intervention of a jury. Upon a finding of guilty the appellant was sentenced for a term of not less than two (2) nor more than fourteen (14) years in the Indiana State Reformatory.

The sole assignment of error on appeal is the overruling of appellant's motion for new trial. The grounds assigned by the motion for new trial read as follows:

"1. That the Court erred in overruling Defendant's motion for a directed finding at the conclusion of the State's case in chief.

"2. The verdict of the Court is not sustained by the evidence presented at the trial.

"3. That the verdict of the Court is contrary to law."

The evidence most favorable to the State is that a cashier of the Kroger Store in Southgate Shopping Center testified she remembered seeing the appellant come into the store sometime in the afternoon on January 26 or 27; that he came

to her window and handed her a check. During the ensuing conversation concerning the check, the appellant told the cashier that another woman had placed the numbers on the back of the check. The cashier asked for the appellant's Driver's License, and he stated that he had none, but that he had a Registration Card, which he presented. The Registration Card bore the name of Raymond Oliver, which was the same name as the payee on the check. The numbers on the check were the same numbers as those on the Registration Card. The cashier informed the appellant that she would have to get an O.K. from the store manager and left her booth. When she returned, she told the appellant that the co-manager would be there shortly. After waiting a few minutes, the appellant asked for his identification and the check back. When he received them and started to leave, a detective attempted to stop him and the appellant fled the store.

Appellant was apprehended and returned to the store. The cashier testified that at no time did she see the appellant write on the check.

There was evidence that the check in question was one which had been stolen from the Spatt Plumbing and Heating Company on or about January 27, 1967.

Louis A. Spatt, President of the Spatt Plumbing and Heating Company, testified that the check in question was written on one of his company's checks, but that the signature appearing on the check as Louis A. Spatt was not his signature. He further testified that he did not know who had signed the check.

The statute under which the appellant was convicted reads in part as follows:

"Whoever . . . utters . . . any . . . instrument, knowing the same to be false, defaced, altered, forged, counterfeited, falsely printed or photographed, with intent to defraud any person . . . shall, on conviction, be imprisoned in the state prison . . ." Burns' 10-2102.

The evidence is conclusive that appellant presented himself to the cashier as one Ray Oliver, the named payee on the check, and presented a Registration Card with the same name to establish identification in his attempt to cash the check, where as the evidence shows, he was not Ray Oliver. In fact, a Ray Oliver did exist, with whom the appellant had a conversation in the police headquarters after his arrest.

This Court has previously stated in a similar factual situation:

"We conclude the offering of the check to the teller with no instructions, when this act is generally construed in the banking industry as a request to exchange said check for cash, is sufficient conduct to warrant the jury to believe that the appellant intended to cash a forged instrument . . ." *England v. State* (1968), 249 Ind. 446, 12 Ind. Dec. 575, 233 N. E. 2d 168, 171.

The "uttering" of a forged instrument is accomplished when a person presents the same for payment. *Bush v. State* (1968), 251 Ind. 84, 14 Ind. Dec. 495, 237 N. E. 2d 584.

We hold that the evidence in this case was clearly sufficient to support the decision of the Trial Court that the defendant had, in fact, uttered a forged instrument.

The judgment of the Trial Court is, therefore, affirmed.

DeBruler, C. J., Arterburn and Hunter, JJ., concur; Jackson, J., concurs in result.

Note.—Reported in 247 N. E. 2d 231.