GEORGE DONALD ANGEL *v*. STATE OF INDIANA.

[No. 1-772A27. Filed February 14, 1973.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry L. Sauce, III,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was convicted by a jury of the offense of uttering a forged instrument, to-wit: a check. The trial court pronounced sentence and appellant timely filed his motion to correct errors, which was overruled by the court and this appeal follows.

The facts are that when Beulah Gibson went to her mailbox on November 3, 1971, to pick up her monthly social security check, she found that her mailbox had been broken into and her check was missing. She testified that the postman had stated that he had left her social security check in her mailbox on the day in question. She further testified that she had not endorsed the check; had not signed it; had not given anyone permission to cash it; had not given it to anyone or authorized anyone to take it; and she was not related to the defendant and was not acquainted with him.

On November 3, 1971, the defendant-appellant attempted to cash a social security check in the amount of $109.00, with the payee being Beulah Gibson. The check had an endorsement on the back by "Beulah Gibson", but the teller asked the defendant to endorse the check also. Defendant endorsed the check with the last name of "Gibson" but the first name was uncertain. Defendant's name was George Donald Angel. When asked by the teller to show identification, defendant indicated that he could not produce identification at that time. The teller, Annabelle Helfrich, identified him, in court, and films taken from cameras at the bank were introduced into evidence which showed defendant at said teller's window.

Peggy E. Savage, the secretary of the branch bank, West

Side Branch of Citizens National Bank, testified that she saw the defendant in the bank on November 3, 1971, trying to cash the check.

Mike McCoy, an employee of said branch bank, was summoned by the teller, Miss Helfrich, to aid in the processing of the customer, defendant. He testified that defendant attempted to produce identification by taking Mr. McCoy outside, purportedly to meet Beulah Gibson, who the defendant claimed was his grandmother. However, defendant was not able to produce said "grandmother" and left Mr. McCoy outside the bank. Mr. McCoy positively identified the defendant as the person who attempted to cash the check.

Appellant's motion to correct errors, excluding the memorandum thereto, is in the words and figures as follows, to-wit:

## "MOTION TO CORRECT ERRORS

The defendant, George Donald Angel, moves the Court for the correction of errors occurring prior to and during the trial of the within cause as follows:

### 1.

The verdict of the jury is not supported by sufficient evidence upon all necessary elements of the offense for which the defendant was convicted and is contrary to the evidence.

### 2.

The verdict of the jury is contrary to law. * * *

### 3.

Uncorrected error of law occurring and properly raised in the trial of the proceedings, in this, to-wit:

The Court erred in overruling defendant's motion for a mistrial, and the defendant was denied a fair trial by reason that the mention of a 'mug shot' unduly prejudiced the defendant.

* * * [questions, objections, remarks and answers omitted]

### 4.

Uncorrected error of law occurring and properly raised in the trial of the proceedings, in this, to-wit:

The Court erred in refusing to give to the jury at the request of the defendant, defendant's instruction number

one (1) which was tendered and requested by the defendant, and is in the words and figures as follows:

## 'INSTRUCTION NO. 1

The Court instructs you that a person commits Theft when he knowingly:

"* * Obtains by deception control over property of the owner or a signature to any written instrument. * *" '

5.

Uncorrected error of law occurring and properly raised in the trial of the proceedings, in this, to wit:

The Court erred in refusing to give to the jury at the request of the defendant, defendant's instruction number two (2) which was tendered and requested by the defendant, and is in the words and figures as follows:

## 'INSTRUCTION NO. 2

The Court instructs you that a person commits Theft when he knowingly:

"* * Obtains control over stolen property knowing the property to have been stolen by another, which knowledge may be inferred from the possession of such stolen property, wherever the Theft may have occurred. * *" '

6.

Uncorrected error of law occurring and properly raised in the trial of the proceedings, in this, to-wit:

The Court erred in giving to the jury and reading to the jury State's Instruction Number One (1), which instruction and the defendant's objection thereto are as follows:

## 'STATE'S INSTRUCTION NO. 1

Intent to commit a specific criminal act may be presumed from the voluntary commisison of the act. One who does an act in violation of the law is presumed to have done it will fully and the lack of intention to violate it will not release him from responsibility. *McGill* v. *State*, 1969, 252 Ind. 293, 247 N.E.2d 514; *Croney* v. *State*, 1969, 252 Ind. 319, 247 N.E.2d 501; *Coffer* v. *State*, 1959, 239 Ind. 22, 154 N.E.2d 371; *Haggard* v. *State*, 1901, 26 Ind. App. 695, 59 N.E. 1135.'

### 'DEFENDANT'S OBJECTION

Defendant would object to State's Instruction No. 1 for the following reasons:

No. 1: It doesn't adequately state the law of the State of Indiana. No. 2: It is misleading and confusing to the jury. No. 3: "Specific intent," which is necessary before the instruction would be proper.'

### 7.

Uncorrected error of law occurring and properly raised in the trial of the proceedings, in this, to-wit:

The Court erred in giving to the jury and reading to the jury, State's Instruction No. Four (4), which instructions and the defendant's objection thereto are as follows:

### 'STATE'S INSTRUCTION NO. 4

The "uttering" of a forged instrument is accomplished when a person presents the same for payment. *Bush* v. *State,* 1968, 251 Ind. 84, 237 N.E.2d 584; *Scruggs* v. *State,* 1969, 252 Ind. 249, 247 N.E.2d 213.'

### 'DEFENDANT'S OBJECTION

The defendant would object to State's Instruction No. 4 for the following reasons: It is confusing and misleading to the jury. It misstates the law in that the defendant must have knowledge that the instrument was forged. It does not properly state the law and is unduly prejudicial to the defendant.'

WHEREFORE, by reason of the prejudicial and harmful errors herein, the defendant asks that a new trial be granted."

Appellant first contends that the verdict was not supported by sufficient evidence and was contrary to law. Appellant contends that he was not proved guilty beyond a reasonable doubt, in that the check was not proved to be owned by Beulah Gibson and there was no evidence that the check was forged or that defendant knew that it was forged.

The appellee, State of Indiana, contends that there was sufficient evidence to sustain the conviction of uttering a forged

instrument. Appellee points out that this court should look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. See *McMinoway* v. *State* (1972), 283 N.E.2d 553. This court cannot weigh the evidence, but can only examine the evidence to determine whether there was sufficient evidence to support the verdict of the jury or the finding of the trial court. *Yeley* v. *State* (1972), 153 Ind. App. 133, 286 N.E.2d 183, 32 Ind. Dec. 317.

Appellee contends that the evidence most favorable to the State shows that the check of Beulah Gibson was stolen, and that the defendant presented a check, drawn to Beulah Gibson, to the bank and requested payment; that Beulah Gibson had not endorsed her name on the back of the check but that her name had been endorsed thereon when it was presented to the bank teller for payment; that the defendant-appellant endorsed the name of Gibson in the presence of the teller, but could not furnish identification so she would honor the check; and there was sufficient evidence to sustain the conviction.

Considering the evidence most favorable to the State and all reasonable inferences to be drawn therefrom, it is our opinion that there was sufficient evidence to support the jury's verdict and judgment of the trial court thereon.

Appellant next contends that reversible error was committed when the court gave to the jury State's tendered Instructions Numbered 1 and 4. Appellant contends that these instructions are not correct statements of the law and were confusing to the jury.

State's Instruction Number 1, which was given to the jury over defendant's written objection, reads as follows:

"Intent to commit a specific criminal act may be presumed from the voluntary commission of the act. One who does an act in violation of the law is presumed to have done it willfully and the lack of intention to violate it will not release him from responsibility."

Appellant admits that the first sentence is technically correct, but objects to the second sentence and cites as authority 8 I.L.E., Criminal Law, § 10, p. 85, as follows:

"Except as otherwise provided by statute, an overt act, to constitute a crime, must be accomplished by a criminal intent, and a crime is not committed if the mind of the person doing the act is innocent. Intent or mens rea stands as an essential element of crime. . . ."

Appellant contends that one cannot violate the law without criminal intent.

The State contends that the Instructions were correct statements of the law, and, view as a whole, did not confuse the jury and were not erroneous.

Appellee also cites 8 I.L.E., Criminal Law § 10, on p. 86, as follows:

"A criminal intent to commit a specific criminal act may be presumed from the voluntary commission of the act. One who does an act in violation of the law is presumed to have done it willfully, and the lack of intention to violate it will not release him from liability."

Our Supreme Court, in discussing intent, stated in the case of *Coffer* v. *State* (1958), 239 Ind. 22, 154 N.E.2d 371:

". . . Criminal intent to commit a specific criminal act may be presumed from the voluntary commission of the act. 22 C.J.S. Criminal Law § 34, p. 92. *Bleiweiss* v. *State* (1918), 188 Ind. 184, 119 N.E. 375, 122 N.E. 577. . . ."

The court stated, in *England* v. *State* (1968), 249 Ind. 446, 233 N.E.2d 168, as follows:

"We conclude the offering of the check to the teller with no instructions, when this act is generally construed in the banking industry as a request to exchange said check for cash, is sufficient conduct to warrant the jury to believe that the appellant intended to cash a forged instrument. . . ."

It is our opinion that Instruction Number 1 is not a model instruction to be given juries in future cases of the kind at bar.

However, under the holdings of *Coffer* v. *State, supra,* and *England* v. *State, supra,* and the further fact that all instructions are construed in harmony with each other, we are of the further opinion that there was no harm done to the defendant by the giving of said Instruction Number 1.

State's Instruction Number 4, which was given to the jury over defendant's objection reads as follows:

"The 'uttering' of a forged instrument is accomplished when a person presents the same for payment."

Appellant contends that said instruction "does not go far enough to explain the law" and misled the jury into believing that the mere presentation of a forged instrument for payment was sufficient for conviction.

Appellee points out that instructions must be viewed as a whole, and that a single instruction should not be viewed as an all inclusive statement of the law. This is a well settled principle of law. We note that Court's Final Instruction Number 8 sets out verbatim the statute defining the offense of uttering a forged instrument. State's Instruction Number 4, *supra,* simply defines the term "utters", which term could be confusing to the jury if not defined in its legal context. Said instruction is a verbatim statement from the case of *Scruggs* v. *State* (1969), 252 Ind. 249, 247 N.E.2d 213, and is still the law in Indiana. In the case of *Bush* v. *State* (1968), 251 Ind. 84, 237 N.E.2d 584, our Supreme Court stated: "This court has held 'uttering' a forged instrument is the passing of the same for payment. *Strickland* v. *State* (1940), 217 Ind. 588, 29 N.E.2d 950." It is our opinion that State's Instruction Number 4 was properly given to the jury.

Appellant next contends that defendant's motion for a mistrial should have been granted when the bank teller testified that "mug shots" of the defendant were brought to the bank for her inspection by the police. Appellant cites as authority the case of *Blue* v. *State* (1968), 250 Ind. 249, 235

N.E.2d 471, which held that evidence tending to establish a prior criminal record was inadmissible unless the defendant took the stand or raised the issue of his prior record. Appellant contends that the mentioning of "mug shots" by the State's witness prejudiced the defendant in the eyes of the jury.

Appellee contends that the mere mentioning of the words "mug shots" inadvertently by a witness is not so prejudicial as to create grounds for a mistrial. Appellee contends that appellant's interpretation of *Blue, supra,* is not correct and that *Blue, supra,* does not hold that the mere mention of the words "mug shots" is reversible error.

*Blue, supra,* held that the introduction of "mug shots" into evidence in this context was error, but the court did not hold that the mere mention of the term "mug shots" was error. In our opinion, the term "mug shots" is not a word of art. The mere mention of the term would not be prejudicial in the case at bar. Further, there was only one photograph marked as an exhibit and introduced into evidence, and that was the photo taken by a hidden camera in the bank, which showed the defendant-appellant at the teller's window the date and hour he was there, along with the photo of the teller.

In oral argument appellant cited the case of *Wells* v. *State* (1959), 239 Ind. 415, 158 N.E.2d 256, as authority for the proposition that a person's character is put in evidence only when he chooses to do so. We are of the opinion that the mere mention of the term "mug shots" by a layman who apparently has had no experience in police work could not be said to place the defendant's character in evidence and the inadvertant mentioning of "mug shots" in this context was not prejudicial to the defendant.

Finally, appellant contends that the court erroneously failed to give defendant's tendered Instructions 1 and 2. It is appellant's position that said instructions would have instructed the jury on the purported lesser included offenses under uttering

a forged instrument of theft by deception and theft of stolen property. Appellant contends that these are lesser included offenses of the crime charged and it was error for the court not to instruct the jury on them. Appellant contends that the evidence must show that defendant was guilty of the lesser included offenses as well as of the offense charged.

Appellee contends that the appellant failed to cite authorities in support of his contention and that this failure waives any error. Rule AP. 8.3 (A) (7).

While this contention is technically correct, we prefer to decide each issue on the merits rather than on form and technicalities.

The tendered instructions in question are found in the Theft Act, Burns § 10-3030. We find no indication in said Act that any of the provisions of the Act are lesser included offenses of the crime of uttering a forged instrument. The statute defining the crime of uttering a false instrument (Burns § 10-2102) makes no mention and does not enumerate any lesser included offenses.

In the case of *Beck* v. *State* (1958), 238 Ind. 210, 149 N.E. 2d 695, the court discussed and compared the utterance of a forged instrument with the offense of false pretense, as follows:

> "Therefore, we conclude that, although an offense of false pretense might be accomplished through the utterance of a forged instrument, and, although the charge of uttering a forged instrument might be made broad enough to include all the elements of false pretense, it would appear that from the divergence of essential elements involved and of the penalty imposed for the respective crimes that *the offenses are intended to and do constitute separate and distinct crimes,* and that neither is necessarily included in the other." (Our emphasis.)

In the case of *Sanford* v. *State* (1971), 255 Ind. 542, 265 N.E.2d 701, the defendant was charged under Burns § 10-2102 with uttering a forged instrument but found guilty of forgery

under the same Act. Our Supreme Court, in an opinion by Justice Givan, stated:

"It is apparent from the above definitions of each crime [sic Burns § 10-2102] that forgery and uttering a forged instrument are separate and distinct crimes."

See, also, *Beyerline* v. *State* (1897), 147 Ind. 125, 45 N.E. 772.

We have found no statutory or case authority to indicate that the offense of uttering a forged instrument includes any lesser offense. Thus, the trial court correctly refused the tendered instructions in question.

And, further, there is no evidence in the record that the defendant was connected with or broke and entered the mail box and stole the check therefrom. There being a total lack of evidence that the defendant stole the check, the trial court properly refused his tendered Instructions 1 and 2.

Finding no reversible error, the judgment is in all things affirmed.

Robertson, P.J. and Lybrook, J., concur.