WILLIE DAYE *v.* STATE OF INDIANA.

[No. 376S84. Filed November 3, 1976.]

*Kenneth T. Roberts, Wilson, Coleman & Roberts,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a jury verdict against the appellant charged in three counts with: Count I, Rape; Count II, Commission of a Felony While Armed To-wit, Rape; and Count III, Sodomy. Trial by jury was held on December 4, 1975, in the Marion County Criminal Court, Division III, before Special Judge Carl Winter. Appellant was found guilty on all three counts. Appellant was sentenced to 15

years for Count II, and 2-10 years in addition to a fine of $100 for Count III.

The single issue presented by this case is the overruling of motions for mistrial based upon the presentation of photographs which the appellant says constituted prosecutorial misconduct which prevented him from having a fair trial. There is no question presented on the sufficiency of the evidence. A brief statement of the facts most favorable to the state reveals that the victim, a female of age 29, was raped at gun point and forced to commit sodomy on July 11, 1975, at her residence in Indianapolis. On the date of the offense, the victim walked down the steps from her apartment with her very young daughter. As she was walking down the steps, she first saw the appellant on the landing. She thought he was pulling up his socks and went around him. At that time the appellant pulled a revolver, put it to the child's head and told the victim he would shoot her daughter if she screamed and ordered her back upstairs into her apartment. She laid the child in her bed and the appellant forced her at gun point to submit to rape and sodomy. She was afraid that if she resisted he would kill her young daughter.

The issue of prosecutorial misconduct centers around the introduction of a police photo. It was necessary to make a copy of the photo that would have no gallery number to avoid any allusion to the appellant's prior criminal record. The victim had looked at between 250 and 400 pictures and selected the picture in question as that of the man who committed the acts against her. To the question as to whether she could identify state's Exhibit No. 3, the victim replied, "It's the one I picked up off the——." The defense objected and asked also that "in terms of what the victim stated when she identified that picture as to the location and where it was, I would move at this time to have that stricken from the record." The court then instructed the jury "that any answer made by this witness to the question of the Prosecutor, which was, 'Can you identify this?' she said yes and then added, and volunteered an additional answer. Please disregard that. The court

instructs you to disregard that." The state then put the question to the victim, "How many pictures did you look at in trying to identify the person who assailed you?" The defense objected and moved for a mistrial. The court overruled the motion for mistrial, but sustained the objection to the question. The victim then testified that she could identify state's Exhibit No. 3 and that it was a picture of Willie Earl Daye. To the question "When did you first see this picture?" the defense again objected. The objection was sustained. The victim then testified that the picture had been shown to her, and that she did not know the appellant's name at the time it had been shown to her, and that if there had been a name on the picture she could not see it because she did not have her glasses on. The defense again moved for mistrial, and again the court overruled the motion for mistrial but sustained an objection to the last question, "Was there a name on the picture?" as leading the witness. The victim testified that she did not say anything when she saw the picture. Then she was asked, "Did you single out this picture in any way?" Defense objected and the court instructed the prosecutor not to pursue the subject. Following the victim's testimony that the picture was a picture of the appellant, state's Exhibit No. 3 was admitted without objection, and the defense withdrew "any objection to further testimony concerning this picture, insofar as identification is concerned." The state then asked, "What was the first kind of set that you looked at?" The victim answered, "I looked at some homicide and robbery pictures." The defense again objected and moved for a mistrial. The court sustained the objection, saying "The jury is instructed to disregard both the question and the answer."

In studying and evaluating the court's denial of the various motions for mistrial, we believe it to be the rule that an identification can be buttressed by indicating how many pictures the victim saw. The admissibility of prior identifications was expressly approved in *Johnson* v. *State,* (1972) 258 Ind. 383, 281 N.E.2d 473. In that case our Court expressly overruled previous cases to the contrary. It would appear, then,

that in sustaining the defense's objections to such questions as "How many pictures did you look at in trying to identify the person who assailed you?" the court gave the appellant the benefit of rulings more favorable to his cause than the law in fact required. *Johnson* v. *State, supra.*

It should further be mentioned that the court acted quickly in striking any answers that could even conceivably have suggested appellant's prior criminal record. Reasonably the only thing that could have been prejudicial was the statement by the victim that she "looked at some homicide and robbery pictures." The court promptly struck both the question and the answer and admonished the jury to disregard them.

We find that there was no prosecutorial misconduct and it could not conceivably be said under the law that the court exceeded its discretion in ruling on the motions for mistrial. There was no error committed by the trial court in overruling the motions for mistrial. *Ballard* v. *State,* (1974) 262 Ind. 482, 318 N.E.2d 798.

For all the foregoing reasons, judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 356 N.E.2d 213.