STATE of Indiana, Appellant
(Plaintiff Below),

v.

Norman CLANTON, JR. Appellee
(Defendant Below).

No. 3–582A100.

Court of Appeals of Indiana,
Third District.

Oct. 26, 1982.

Rehearing Denied Dec. 21, 1982.

See 443 N.E.2d 1204.

Linley E. Pearson, Atty. Gen., Indianapolis, Jack F. Crawford, Pros. Atty., Lake County, by Robert G. Berger, Deputy Pros. Atty., Crown Point, for appellant.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellee.

STATON, Judge.

Norman Clanton, Jr. filed a petition for post-conviction relief. The trial court granted the petition and ordered a new trial. The State appeals.[1] The sole issue on appeal is whether a new trial is warranted by the admission of testimony that the victim identified Clanton prior to trial from photographs at the police station.

Reversed and remanded to the trial court with instructions to reinstate the original judgment and sentence.

Clanton was convicted of robbery and sentenced on May 17, 1977 to a term of ten to twenty-five years. The judgment was affirmed by this Court on November 27, 1978. On October 20, 1980, Clanton filed a petition for post-conviction relief. The evidence showed that, at Clanton's trial, testimony was admitted which described how the victim of the robbery identified Clanton's photograph at the police station. Throughout this testimony, references were made to "pictures" or "photos" or "photographs" being shown to the victim at the police station.[2] The evidence also showed

---

1. The State's appeal is authorized by Ind.Rules of Procedure, Post-Conviction Rule 1, § 7.

2. Clanton does not contend that the identification process was suggestive.

that defense counsel objected to the testimony, asserting that such references were suggestive. The trial court granted Clanton's petition for post-conviction relief.

The State contends that no reference to "mug shots" was made at the trial and that therefore the trial court erroneously based its decision on the prejudicial effect of the introduction of or reference to mug shots during trial. We agree. Because mug shots may suggest to the jury that the defendant has a criminal record, they are generally not admissible. *Blue v. State* (1968), 250 Ind. 249, 235 N.E.2d 471; *Vaughn v. State* (1939), 215 Ind. 142, 19 N.E.2d 239. However, mug shots may be admitted into evidence if the photograph is not unduly prejudicial and has substantial independent value as evidence. *Strong v. State* (1982), Ind., 435 N.E.2d 969, 972; *Gray v. State* (1978), 268 Ind. 177, 374 N.E.2d 518. Even the mere reference to "mug shots" may require reversal, *Fox v. State* (1980), Ind.App., 399 N.E.2d 827, unless the reference was inadvertent or the other evidence of guilt was strong. *Phillips v. State* (1977), 174 Ind.App. 570, 369 N.E.2d 434; *Bayer v. State* (1973), 158 Ind. App. 531, 303 N.E.2d 678; *Angel v. State* (1973), 155 Ind.App. 242, 292 N.E.2d 268.

At Clanton's trial, neither the prosecutor nor any of the witnesses referred to "mug shots." The record shows that the pictures shown to the victim at the police station were described as "pictures", "photos", or "photographs". Such references would not suggest the existence of a prior criminal record in the way that the term "mug shot" would.[3] *Cf. Phillips, supra* (term "gallery" not prejudicial because it would be familiar only to persons well-acquainted with police procedures).

Evidence of a pre-trial identification is admissible at trial, provided that the identification procedure does not violate the defendant's right to counsel and is not un-

duly suggestive. *Johnson v. State* (1972), 258 Ind. 383, 281 N.E.2d 473. Although *Johnson* concerned pre-trial identification by line up, the rule was applied to pre-trial identification by photographic array in *Daye v. State* (1976), 265 Ind. 522, 356 N.E.2d 213. Of the series of questions asked at Daye's trial regarding pictures viewed at the police station, our Supreme Court found that only the mention of "*homicide and robbery* pictures" reasonably could have been prejudicial. *Id.* at 525, 356 N.E.2d at 214 (emphasis added). In addition the Court noted that the identification could have been "buttressed by indicating how many pictures the victim saw." *Id.* at 524, 356 N.E.2d at 214. Clearly the testimony at Clanton's trial regarding pre-trial identification and the number of pictures shown to the victim was admissible. Therefore the trial court erred in granting a new trial.

Reversed and remanded to the trial court with instructions to reinstate the original judgment and sentence.

GARRARD, J., concurs.

NEAL, J. (by designation), concurs with opinion.

NEAL, Judge, concurring.

I agree with the majority's analysis and resolution of this issue. However, it is my opinion that Clanton has waived his right to post-conviction relief based on this alleged error by failing to raise the issue in his direct appeal. *Wilkins v. State,* (1981) Ind. App., 426 N.E.2d 61; *Riner v. State,* (1979) Ind., 394 N.E.2d 140; *Dull v. State,* (1978) 267 Ind. 549, 372 N.E.2d 171. The post-conviction relief process is not a substitute for direct appeal. It is a procedure for raising issues not known at the time of the original trial and appeal, or for some reason not available to the defendant at that time. *Wilkins, supra; Riner, supra.* However, in

---

**3.** Furthermore, the evidence against Clanton was strong. Mrs. Santos, the owner of the grocery store that Clanton robbed, testified that she had known Clanton for about five years prior to the robbery. She also stated that she had a clear view of him when he entered the store on the day of the robbery and that she carried on a conversation with him immediately before he held a knife to her neck and asked for the money in the cash register.

the instant case the State did not raise the defense of waiver before the trial court in the post-conviction proceedings. I therefore concur in the majority's opinion.