**Douglas DUNSIZER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 27S00–8706–CR–575.**

Supreme Court of Indiana.

May 24, 1988.

Charles H. Scruggs, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Robbery, a Class B felony, for which he received a ten (10) year sentence enhanced by ten (10) years for aggravating circumstances.

The facts are: On August 21, 1984, Patti Rice was working as a cashier and a clerk at the Handy Andy Convenience Store located in Marion, Indiana. At approximate-

ly 9:40 p.m., a man, later identified as appellant, came into the store and made a purchase. As Rice rang up his purchase, appellant produced a knife and robbed Rice of the cash in the register. Rice described appellant as having a big scar with stitches still in it over his right eye, wearing a white T-shirt with blue jeans and a blue jean jacket, and having a "pudgy belly."

Rice was taken to the police station and shown an array of photographs which did not include appellant. She was unable to identify the robber from those photographs. The next day Rice was asked to view a lineup of five people. She identified appellant as the man who robbed her. She particularly noted the sutured scar above his right eye.

Appellant filed notice of alibi naming other locations where he claimed to be at the approximate time of the robbery. Appellant contends trial counsel's defense did not satisfy the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Appellant claims trial counsel was incompetent because he stated there would be alibi evidence yet he rested appellant's case without calling a single witness or introducing any evidence at all of alibi. Appellate counsel makes no reference to any possible evidence which was omitted by trial counsel.

■ Although trial counsel did file an alibi notice which stated "he was at his sister's house 1216 South Boots Street, or the Hi–Hat at 1026 South Washington Street, or in between the two stated places, or to Jonesboro and back, at the time of the robbery," there is no claim by appellant that this alibi could have been proven by any omitted witness. In the absence of such a claim, we must presume that in spite of his preliminary statement to the jury that he would prove alibi, defense counsel was unable to present a witness who could establish the alleged facts. Unless shown to the contrary, we must presume that counsel acted competently. *Elliott v. State* (1984), Ind., 465 N.E.2d 707.

■ Appellant also claims trial counsel was incompetent in that he allowed Detective David Stephenson to be questioned concerning his matching of the description given by the victim of the robbery with police record photographs. The officer testified that appellant best fit the description they had been given and that his police record indicated his height to be five eleven and his weight to be one hundred eighty pounds. Appellant argues that to allow the police officer to so testify violated *State v. Clanton* (1982), Ind.App., 441 N.E. 2d 44, in that it is tantamount to introducing a mug shot which indicates that appellant has a prior police record. Although appellant's trial counsel might well have proposed a valid objection to such testimony, we cannot say the failure to do so was incompetent.

At that stage of the proceeding, trial counsel's strategy might well have been to ultimately place appellant on the witness stand, in which case he would of course have been faced with his prior record. For counsel to have made a big issue at that time by trying to block testimony as to his client's police record, might well have served to accentuate such record to the detriment of his client. Defense counsel always walks a fine line in deciding whether to attempt to keep out any prior criminal record or to face that issue squarely in order to gain other advantages. Even if we would assume for the sake of argument that this was a mistake, this Court will not declare incompetence because of a single mistake. *Strickland, supra.*

■ Appellant also claims trial counsel failed to move to suppress identification by Rice of appellant in the police lineup, which occurred after appellant's arrest but prior to his being provided counsel. Although appellant had been arrested, it was for the purpose of establishing identification. He had not been charged with the offense at that time. It is not necessary that counsel be present at a police lineup conducted prior to the time of the filing of charges. *Little v. State* (1985), Ind., 475 N.E.2d 677. Any motion to suppress which trial counsel might have filed concerning the lineup would not have been successful. Thus,

there is no showing of incompetence in this regard.

■ Appellant also claims counsel erred when he permitted a mug shot of appellant to be introduced into evidence and shown to the jury. It is true that mug shots readily identifiable as such are inadmissible in evidence. *Blue v. State* (1968), 250 Ind. 249, 235 N.E.2d 471. In *Blue* it was stated that a mug shot is not admissible no matter when it was taken; however, the reason for this rule is that it is improper to demonstrate that appellant has a prior criminal record. In the case at bar, the mug shot which was shown to the jury was the one taken of appellant when he was arrested for the robbery in the instant case. The photograph was put in to demonstrate the appearance of appellant at the time of his arrest. There was no possibility for the jury to conclude it established a prior crime. In *Blue* the date of the photograph was covered with tape, thus hiding the fact that it was taken at the time of his current arrest. The trial judge did not err in exercising his discretion in permitting the showing of such a photograph. It in no way indicated appellant had a prior criminal record.

■ Appellant contends the evidence was insufficient to support his conviction. The evidence in this record, although resting entirely upon the identification by the victim of appellant, is nevertheless persuasive and ample to support the verdict of the jury. Rice was able to give a sufficient description of the robber, including a freshly sutured wound over his right eye, to enable the police to apprehend appellant upon that description. In addition, the victim readily identified appellant in a police lineup.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.