DULLEN *v.* STATE OF INDIANA.

[No. 30,619. Filed February 6, 1968. Rehearing denied April 5, 1968.]

*Palmer K. Ward*, of Indianapolis, for appellant.

*Edwin Steers*, Attorney General, for appellee.

PER CURIAM.—This is an appeal from the conviction before Lewis Davis, Special Judge of the Marion Criminal Court, Division 2, without a jury, convicting the appellant of the crime of uttering a forged instrument. The appellant was sentenced to the Indiana State Prison for not less than two nor more than fourteen years to which was added a fine in the sum of ten dollars and the costs of the action. It is the appellant's contention that the court below erred in overruling his motion for a new trial.

The evidence at the trial indicated that Lester Haas, owner of the Heidelberg Tavern in the city of Indianapolis, testified that on January 24, 1964, appellant and two other men entered his establishment. There was a request to cash a check in the possession of the appellant. After the check was examined, the appellant was held at gun point until the police arrived. The two companions of the appellant fled. The witness testified that the reason a gun was pulled on the appellant was

that the check was one of a series on which the bank had stopped payment and that the proprietor had been warned by the police that a group of men were cashing bad checks around the city. The witness also testified that when appellant was asked where he obtained this check two different accounts were rendered.

There was further proof that the check appellant attempted to cash was one of a series in a check book that disappeared from a local company six days prior to the incident resulting in the arrest. There was proof that the check bore the printed name of the local company, and the payee of the check was one Howard Wilson and the drawer's name was A. B. Strouse. The testimony further indicated neither the payee nor the drawer were known to the company nor were employees or officers of the company, and that the president of the company did not cause the check to be issued.

It is well established that whenever the sufficiency of the evidence is attacked on an appeal, only the evidence compatible with the court's record will be considered together with all logical and reasonable inferences that may be drawn therefrom. *Wathen* v. *State* (1964), 4 Ind. Dec. 74, 201 N. E. 2d 692, [246 Ind. 245]; *Beatty* v. *State* (1963), 2 Ind. Dec. 480, 194 N. E. 2d 727, [244 Ind. 598]; *Grimes* v. *State* (1963), 1 Ind. Dec. 441, 190 N. E. 2d 663, [244 Ind. 68].

It is further well settled that this court will not reverse a judgment for insufficiency of the evidence unless there is total lack of substantial evidence of probative value to support each material allegation of the charge. *Easton* v. *State* (1967), 11 Ind. Dec. 34, 228 N. E. 2d 6, [248 Ind. 338]; *Reno* v. *State* (1967), 11 Ind. Dec. 43, 228 N. E. 2d 14, [248 Ind. 334]; *Minton* v. *State* (1964), 2 Ind. Dec. 538, 195 N. E. 2d 355, [244 Ind. 636].

Under assignment of error that the verdict is not sustained by sufficient evidence, appellate court will not weigh the evi-

dence, and will not disturb the verdict on appeal if there is any evidence of probative value, substantial in character, which, if believed by the trier of facts, would sustain every material element of the crime beyond a reasonable doubt.

There was sufficient evidence that the check in question was forged and from the evidence the lower court concluded that the appellant's part therein indicated guilt. *Diamond* v. *State* (1924), 195 Ind. 285, 144 N. E. 466.

It is appellant's contention that he was the unwitting dupe of two forgers. He testified he was approached by two men who offered him twenty dollars to go into the Heidelberg Tavern to cash the check in question.

The trial court was not bound to accept appellant's story, but, instead, it had the right to weigh it against the facts of the case and decide whether to accept the defendant's story where his credibility has been impeached or where the evidence may reasonably lead to a contrary conclusion. *Schweigel* v. *State* (1964), 2 Ind. Dec. 632, 195 N. E. 2d 848, [245 Ind. 6]; *Harrison* v. *State* (1964), 3 Ind. Dec. 426, 197 N. E. 2d 770, [245 Ind. 336].

It is also true that this court is not bound to accept appellant's story on appeal. *Rexroat* v. *State* (1964), 245 Ind. 688, 201 N. E. 2d 558.

In the crime of uttering a forged document, it is immaterial who wrote the check. It is equally immaterial whether the appellant knew who wrote it. *State* v. *Fisk* (1908), 170 Ind. 166, 83 N. E. 995. The germane factor necessary to sustain a conviction is that appellant knowingly passed a forged instrument. On this point there appears to be ample evidence.

The judgment of the lower court is affirmed.

Jackson, J. concurs in result.

NOTE.—Reported in 233 N. E. 2d 478.