PERRY MOSES v. STATE OF INDIANA.

[No. 470S75. Filed July 14, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. McDermott,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction in Marion Criminal Court, Division 2. Appellant was charged by affidavit with the crime of uttering a forged instrument. Trial was had by jury and the appellant was adjudged guilty as charged in the affidavit.

Appellant alleges that the verdict of the jury is not supported by sufficient evidence. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The statute under which the appellant was convicted is I.C. 1971, 35-1-124-1, being Burns § 10-2102, which reads in part:

"Whoever . . . utters . . . any . . . instrument, knowing the same to be false, defaced, altered, forged . . . with the intent to defraud any person. . . ."

In the case of *Gennaitte* v. *State* (1962), 243 Ind. 532, 188 N. E. 2d 412, this Court defined the elements of the crime of uttering a forged instrument as being:

"the offering of a forged instrument, knowing it to be such, with a representation that is genuine, and with an intent to defraud. . . ."

We turn then to a review of the evidence and the reasonable inferences therefrom to determine whether it is sufficient to support the verdict of the jury.

On the evening of Friday, August 8, 1969, William P. Nicholas, owner of an Indianapolis diamond merchant business, known as William P. Nicholas, Inc., received a phone call at his home from a man who identified himself as one Joe Schmidt. Mr. Schmidt introduced, over the phone, a Mr. Paul

Goodman who indicated that he wanted to purchase "up to fifty thousand dollars worth of loose diamonds". Mr. Nicholas refused Goodman's attempt to induce him to return to his place of business that night or the next morning, either time which would have been during non-business hours. Fearing the possibility that he was being "set-up" for a robbery attempt, Nicholas contacted the Indianapolis Police Department. The following Monday the appellant, identifying himself as Mr. Paul Goodman, came to Nicholas' place of business and stated that he was an employee of an investment counseling firm and had been authorized to purchase loose diamonds for an elderly woman from Cleveland, Ohio, for a sum not to exceed fifty thousand dollars. Nicholas informed the appellant that he did not have enough diamonds on hand and that he would have to come back at a later date. The appellant returned the following afternoon. At this time the appellant indicated that he wanted the purchase price to be exactly forty-five thousand dollars including sales tax. The diamonds which Nicholas had on hand at that time were discussed and the parties agreed to consummate the deal on Thursday, August 14th. On that date the appellant arrived at the office of Mr. Nicholas accompanied by a hired security guard. The appellant agreed to purchase the diamonds which Mr. Nicholas displayed and tendered a bank check payable to Mr. Nicholas in the amount of forty-five thousand dollars. The check was drawn on the St. Joseph Bank and Trust Company and purportedly signed by one Elizabeth Rowe, a teller from the Central State Bank in Lakeville, Indiana, on whose account the check was drawn. Accompanying the check was a letter, purportedly on the stationery of the Central State Bank and signed by Rowe. The letter referred to the check and stated that the check could be verified by calling a certain telephone number and giving the last seven digits of the account number. Mr. Nicholas then took the check to his bank, the Indiana National, where the bank refused to cash it but offered to accept it for deposit, holding Mr. Nicholas liable. Mr. Nicholas

returned with the check to his office where he showed it to Indianapolis Police Officer Callahan who had been in the office since Monday observing the activities of the appellant. Callahan initialed the check and the letter and Mr. Nicholas returned them to the appellant at which time the appellant was placed under arrest.

Officer Callahan testified that at the time of arrest the appellant admitted that he was not Paul Goodman but was in fact Perry Moses. He further admitted that the hired guard and the brief case he carried were "just for show". Officer Callahan further testified that investigation of the appellant had revealed that the investment company he claimed to work for was non-existent and the home address in Cleveland which the appellant's identification disclosed was in fact a vacant lot.

Mr. Robert Herbsten, cashier for the Central State Bank of Lakeville, testified that the check in question was not a valid check of that bank and that the letter was not written on that bank's stationery. He further testified that neither a Paul Goodman nor Perry Moses had accounts with his bank.

Elizabeth Rowe, teller at the Central State Bank, testified that she had not prepared the check nor the letter in question nor had she signed either of them.

While it is true that there is no evidence that the appellant himself forged or caused to be forged the check and the letter, such proof is not necessary to a charge of uttering a forged instrument. It is immaterial who wrote the check or whether the appellant knew who wrote it. *Dullen* v. *State* (1968), 250 Ind. 212, 233 N. E. 2d 478.

The evidence is clear and without contradiction that the appellant tendered or uttered a forged instrument with a representation that it was genuine. We hold the evidence and the reasonable inferences sufficient to support the verdict of the jury that the appellant knew the check was not genuine and that he intended to defraud the victim, Mr. Nicholas.

Affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 446.