ROBERT B. MCHANEY, JR. *v.* STATE OF INDIANA.

[No. 3-672A12.  Filed November 1, 1972.]

*Joseph A. Williams,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—This appeal is from a conviction of the crime of uttering a forged instrument. Two issues are here presented: 1) whether the conviction is sustained by sufficient probative evidence; and 2) whether the sentence imposed is disproportionate to the seriousness of the crime.

Defendant-appellant Robert B. McHaney, Jr. was charged by affidavit with the crime of uttering a forged instrument. Trial was to the court without the intervention of a jury. Judgment was entered that defendant was guilty of the crime of uttering a forged instrument and defendant was sentenced to the "Indiana Department of Corrections for a term of not less than two (2) years, nor more than fourteen (14) years to be confined in such reformatory or prison as the Department of Corrections may deem proper." The timely motion to correct errors filed by defendant was over-ruled and this appeal followed.

The facts which are pertinent to this appeal may be summarized from the record before us as follows:

On July 30, 1971, defendant-McHaney presented a check to one of the tellers of the Indiana Bank in Ft. Wayne, Indiana. The check was drawn on the account of the Weigand Construction Co. Inc. and was made payable to and endorsed by Phillip A. Hayes. This check was subsequently identified by the President of Weigand Construction Company as an un-

executed check which had been stolen from his company on July 11, 1971.

McHaney testified that he merely told the teller to "check the check," however, neither of the two tellers present at the bank remembered such request.

The first issue presented for our determination is whether the conviction is sustained by sufficient evidence.

It is well settled that in reviewing the record before us for sufficiency of the evidence, we may not weigh the evidence nor judge the credibility of the witnesses. We may look only to the evidence most favorable to the finding of the trial court and the reasonable inferences flowing therefrom. The conviction will be affirmed if there is evidence of probative value from which the trier of fact could reasonably infer that defendant was guilty beyond a reasonable doubt. *McKinley* v. *State* (1972), 258 Ind. 348, 281 N. E. 2d 91, 92; *Harris* v. *State* (1972), 258 Ind. 341, 281 N. E. 2d 85.

The crime of uttering a forged instrument is defined in IC 1971, 35-1-124-1, Ind. Ann. Stat. § 10-2102 (Burns 1956), which reads, in pertinent part, as follows:

> "Whoever * * * utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered, forged, counterfeited, falsely printed or photographed, with intent to defraud any person, * * * shall, on conviction, be imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years, and fined not less than ten dollars [$10.00] nor more than one thousand dollars [$1,000]."

In *Moses* v. *State* (1971), 256 Ind. 614, 271 N. E. 2d 446, at 447, it was stated:

> "In the case of Gennaitte v. State (1962), 243 Ind. 532, 188 N. E. 2d 412, this Court defined the elements of the crime of uttering a forged instrument as being:
> 'the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud. * * *.' "

In *Dullen* v. *State* (1968), 250 Ind. 212, 215, 233 N. E. 2d 478, 479-480, it was stated that the germane factor necessary to sustain a conviction for uttering a forged instrument is that the accused knowingly passed a forged instrument. Similarly, in *Beck* v. *State* (1958), 238 Ind. 210, 214, 149 N. E. 2d 695, 697, it was stated that the offense of uttering a forged instrument is complete when a forged instrument is merely *offered* by one knowing it to be forged.

In the two latter-mentioned cases, the elements of representing the instrument to be genuine and the intent to defraud were not addressed. These elements were addressed, however, in *England* v. *State* (1968), 249 Ind. 446, 233 N. E. 2d 168. In that case defendant-England was convicted for the offense of uttering a forged instrument, and on appeal raised the issue of whether the conviction was sustained by sufficient evidence. The facts of that case show that England drove up to the drive-in window of a bank and placed a check which was purportedly executed by one Molean Gibson in favor of one Larry Sullivin in the tray. No words were exchanged between England and the teller except for a greeting and a request to wait. In affirming the conviction, our Supreme Court, at 449 of 249 Ind., at 171 of 233 N. E. 2d, held:

> "We conclude the offering of the check to the teller with no instructions, when this act is generally construed in the banking industry as a request to exchange said check for cash, is sufficient conduct to warrant the jury to believe that the appellant intended to cash a forged instrument." See also: *Scruggs* v. *State* (1969), 252 Ind. 249, 247 N. E. 2d 213, wherein the above language was quoted with approval.

In the instant case, the facts contained in the record before us most favorable to the finding of the trial court show that appellant offered to the teller a spurious check for payment; that when arrested the appellant first identified himself as Phillip A. Hayes, the purported payee of the check; that at the time of his arrest appellant had on his person another

check drawn on the account of the Weigand Construction Co. Inc., payable to and endorsed by Phillip A. Hayes, and signed by J. C. Weigand; that the Weigand Construction Co. Inc. had never employed or written a check to Phillip A. Hayes or defendant-McHaney; that J. C. Weigand, the purported signer of the check died in 1969; and that defendant had previously cashed a check in the same bank which was subsequently found to have been stolen. We conclude that the above facts, along with the other evidence contained in the record before us, provide a sufficient probative basis for the conviction.

The second issue argued in this appeal is whether the sentence is excessive for the crime.

This issue was considered in *Graham* v. *State* (1970), 255 Ind. 237, 263 N. E. 2d 521, 525, where, by way of *dicta,* our Supreme Court called to the attention of the Legislature that the penalty for uttering a forged instrument was greater than the penalty for certain violent crimes. This court agrees that this situation might warrant *legislative* attention.

Appellant contends that Art. 7, § 4, of the Constitution of Indiana gives the Supreme Court the power to "review and revise the sentence imposed." Such contention, however, is misplaced in the context of the instant case because neither the Supreme Court nor this court may rewrite the statute or "substitute a judicially determined sentence for the legislatively determined sentence." *Landaw* v. *State* (1972), 258 Ind. 67, 279 N. E. 2d 230, 231. Where the sentence defined by the Legislature does not exceed constitutional limits, the courts may not interfere.

Courts must be ever wary to protect the individual rights guaranteed by our State and Federal Constitutions. However, a court may not sit as a superlegislature to impose its views of what is in the best social or moral welfare of the citizenry in disregard of the duties of the elected lawmakers.

In the instant case, being unable to find that the penalty imposed by the Legislature exceeds constitutional limits, we

refuse to enter the legislative realm of tampering with the language of the statute.

The judgment of the trial court convicting appellant-McHaney of the crime of uttering a forged instrument is affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 288 N. E. 2d 284.