JOHN H. REID *v.* STATE OF INDIANA.

[No. 2-1172A105. Filed July 12, 1973.]

*Larry J. Wallace,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—This is an appeal by defendant-appellant John H. Reid (Reid) from a conviction of Uttering A Forged Instrument claiming insufficient evidence and erroneous admission into evidence of other checks found in Reid's possession after his arrest.

We affirm.

## FACTS

The facts and evidence most favorable to the State reveal that:

On March 16, 1972, at approximately 8:45 P.M., Reid approached the service desk of the Ayr-Way Department Store at 1600 Pendleton Pike in Indianapolis (Ayr-Way) and handed Margaret Matula (Matula), an Ayr-Way employee, a check for the amount of $144.66. The Check was drawn on the account of Seat Cover Charlie at the American Fletcher National Bank & Trust Company in Indianapolis, and was purportedly signed by C. W. Fine (Fine), president of Seat Cover Charlie Incorporated.

Matula testified that "he handed me the check and wanted me to have it cashed." Recognizing that the check was one listed on Ayr-Way's stolen check list, she told Reid that she would check with the manager to get his approval. She then took the check and two pieces of Reid's identification to the assistant manager, who then notified the security guard, Rosario Gatto (Gatto). Gatto took the check and Reid's identification to the service desk window and held a conversation with Reid. The check was never cashed and Reid subsequently was placed under arrest for Uttering A Forged Instrument. Other Seat Cover Charlie, Inc. checks, similar

to the one presented to Matula, were found in Reid's possession after his arrest.

Reid was charged by Affidavit with Uttering A Forged Instrument. The Affidavit, in part, reads:

"Be it remembered, that on this day personally came the undersigned affiant who, being duly sworn, upon his oath says: that John H. Reid late of said County and State, on or about 3-16-72, at and in the County and State aforesaid did then and there unlawfully and feloniously utter and publish as true, a false, forged, falsely printed and counterfeited check on American Fletcher National Bank & Trust Company for one hundred and forty four dollars and sixty six cents ($144.66) knowing the same to be false, forged, falsely printed, and counterfeited, with the intent to defraud *Ayres Department Store, Inc.* (a corporation) out of the sum of one hundred and forty four dollars and sixty six cents ($144.66)." (Emphasis Supplied.)

At the trial to the court on May 19, 1972, Fine testified that only he and a Mrs. Very Styers (Styers) were authorized to sign checks drawn on the Seat Cover Charlie checking account. Fine further stated that, while his name appeared on the check, it was not his signature, that he did not sign the check, and that Styers was authorized only to sign her own name and not his. Also, that he did not know who signed the check but that it was one of a group of checks stolen in a burglary of the Seat Cover Charlie office on or about March 16, 1972.

Reid who had previously worked for Seat Cover Charlie admitted a previous conviction of Forgery, and was found guilty as charged and subsequently sentenced to imprisonment for not less than two nor more than fourteen years.

## ISSUES

ISSUE ONE.    Must the State prove the identity of the defrauded party to sustain a conviction of uttering a forged instrument?

ISSUE TWO.    In a prosecution for uttering a forged instrument, must the State prove that some-

one was in fact defrauded by the forged instrument?

ISSUE THREE. Must the State prove defendant's authorship of the forged instrument to sustain a conviction of uttering a forged instrument?

ISSUE FOUR. Did the court commit reversible error in admitting into evidence other forged checks found in Reid's possession after his arrest?

ISSUE FIVE. Was the evidence sufficient to prove that Reid possessed the requisite intent to defraud?

As to ISSUE ONE, Reid contends, without citation of authority, that the State failed to establish the identity of a defrauded party. Reid states that the Affidavit charges that he attempted to defraud "Ayres Department Store, Inc." The evidence shows that Reid attempted to cash a check at Ayr-Way Department Store, and not Ayres Department Store, Inc. and therefore the State has failed to prove the identity of the defrauded party.

The State replies that such proof is not essential to conviction for uttering a forged instrument.

As to ISSUE TWO, Reid argues, without citation of authority, that since the check was not actually cashed there could not have been a defrauded party.

The State replies that such proof is not required.

As to ISSUE THREE, Reid argues, without citation of authority, that is was necessary for the State to prove authorship of the forged check by Reid.

The State says that it is immaterial whether or not the defendant personally authored the instrument. The important fact is that the defendant tendered the instrument knowing it to be forged with a representation that it was genuine.

As to ISSUE FOUR, Reid contends, without citation of authority that the trial court erroneously permitted the introduction into evidence of other checks found in his possession at the time of his arrest. Since it was not established that Reid authored the check he tendered to Ayr-Way, the other checks found in his possession have no relevancy to the forged check and should not have been admitted.

The State's argument is that these other checks were properly admitted into evidence because they tended to establish a common scheme or plan and are therefore relevant to the issue of Reid's guilt.

As to ISSUE FIVE, Reid contends that the State failed to prove that he possessed the requisite intent to defraud essential to sustain conviction.

The State answers that intent to defraud may be presumed from the conduct of the defendant and other circumstantial evidence.

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that to sustain Reid's conviction of uttering a forged instrument the State is not required to prove the identity of the defrauded party.

*Boyd* v. *State* (1971), 256 Ind. 22, 25-6, 266 N.E.2d 802, 804, neatly disposes of Reid's argument that the State failed to establish the identity of the defrauded party due to the variance between the Affidavit and the ultimate proof:

"We find no case, however, holding that it is necessary in a case of uttering a false instrument to show the identity of the person sought to be defrauded. The res of this action is the instrument uttered and it is only necessary to show that it was false, known by defendant to be false and that it was uttered by him with the representation that it was genuine and with intent to defraud. *Specifically who was intended to be defrauded is not material.* (Emphasis supplied.)

ISSUE TWO.

CONCLUSION—Our opinion is that in a prosecution for uttering a forged instrument the State is not required to prove that someone was in fact defrauded by the forged instrument.

Reid argues that since the check he tendered to Ayr-Way was never actually cashed, Ayr-Way was not defrauded. Proof that the party accepting the forged instrument was actually defrauded is not necessary. In *Gennaitte* v. *State* (1962), 243 Ind. 532, 540, 188 N.E.2d 412, 416, our Supreme Court quoted from 37 C. J. S. *Forgery* § 37, p. 57:

" 'Uttering is the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud. *It is not essential that the accused should have been implicated in the forgery, that the instrument be accepted as genuine, or that anyone be actually prejudiced by it.*' 37 C. J. S., *Forgery* § 37, p. 57." (Emphasis supplied.)

A similar case, *Graham* v. *State* (1970), 255 Ind. 237, 263 N.E.2d 521, cites the above language with approval.

ISSUE THREE.

CONCLUSION—Our opinion is that the State is not required to prove the defendant's authorship of the forged instrument to sustain a conviction of uttering a forged instrument.

*Moses* v. *State* (1971), 256 Ind. 614, 617, 271 N.E.2d 446-448, demonstrates there need be no connection between the author and the passer of the forged instrument:

"While it is true that there is no evidence that the appellant himself forged or caused to be forged the check and the letter, such proof is not necessary to a charge of uttering a forged instrument. *It is immaterial who wrote the check or whether the appellant knew who wrote it. Dullen* v. *State* (1968), 250 Ind. 212, 233 N.E.2d 478." (Emphasis supplied.)

ISSUE FOUR.

CONCLUSION—It is our opinion that the trial court did not commit error when it permitted the introduction of other checks found in Reid's possession at the time he was arrested.

Reid's objection to these checks is that they were not relevant to the question of his guilt.

The answer is that the checks found in his possession were similar to the uttered check and were therefore evidence of Reid's knowledge that the uttered check was false and of his intent to defraud. These similar checks could be considered part of the means by which he accomplished the crime. See *England* v. *State* (1968), 249 Ind. 446, 233 N.E.2d 168.

ISSUE FIVE.

CONCLUSION—It is our opinion that the evidence was sufficient to show that Reid possessed the requisite intent to defraud by uttering a forged instrument.

The uttering of a forged instrument occurs when a person presents the instrument for payment knowing that it is forged, with a representation that it is genuine, and with an intent to defraud. *Scruggs* v. *State* (1969), 252 Ind. 249, 247 N.E.2d 231; *Bush* v. *State* (1968), 251 Ind. 84, 237 N.E.2d 584.

The intent to defraud is an essential element to sustain a conviction for the crime of uttering a forged instrument. IC 1971, 35-1-124-1, Ind. Ann. Stat. § 10-2102 (Burns 1956); *Moses* v. *State, supra; Gennaitte* v. *State, supra.*

The intent to defraud may be presumed from circumstantial evidence and the general conduct of the defendant in presenting the instrument for acceptance. In *Eng-*

*land* v. *State, supra,* at 449, 233 N.E.2d 170-71, our Supreme Court answered a similar argument by saying: "In *Fletcher* v. *State* (1874), 49 Ind. 124, this court said:

'. . . The intent to defraud may be presumed from the general conduct of the defendant; and if the necessary consequences of the previous acts be to defraud some particular person, the jury may convict, notwithstanding that the person states his belief on oath that the prisoner did not intend to defraud him. Roscoe Crim. Ev. 561; *Regina* v. *Hill,* 8 C. & P. 274.' See also *Brown* v. *State* (1953), 232 Ind. 227, 111 N.E.2d 808.

"We conclude *the offering of the check to the teller* with no instructions, when this act is generally construed in the banking industry as a request to exchange said check for cash, *is sufficient conduct to warrant the jury to believe that the appellant intended to cash a forged instrument.*" (Emphasis supplied.)

Reid's intent to defraud can be presumed from his conduct and supporting circumstantial evidence. Fine testified that while his name appeared on the check he did not sign the check and that the only other person authorized to draw checks on the Seat Cover Charlie account was not authorized to sign Fine's name. In addition, this particular check was one of several checks reported stolen from Seat Cover Charlie on March 16, 1972.

Reid was in possession of the check in question bearing an unauthorized signature and presented it to Matula at the Ayr-Way service desk to be cashed. Other forged checks were in his possession. The circumstances sufficiently combine to justify the finder of fact concluding that Reid intended to defraud by uttering a forged instrument.

Affirmed.

Sullivan and White, JJ., concur.

NOTE.—Reported at 298 N.E.2d 480.