ROBERT WILLS *v.* STATE OF INDIANA.

[No. 2-273A52. Filed November 7, 1974. Rehearng denied December 16, 1974. Transfer denied March 7, 1975.]

*Ronald K. Fowler,* of Anderson, *Frederick R. Spencer,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

WHITE, J.—Defendant appeals from a sentence of two years imprisonment upon a conviction of carrying a pistol without a permit in violation of IC 1971, 35-23-4-3, Ind. Ann. Stat. § 10-4736 (Burns 1956 Repl.). We affirm.

The facts, as revealed by the evidence most favorable to the state are:

Two uniformed City of Anderson police officers on routine motorized patrol received a radio report of a man with a gun at 16th and Cedar Streets. They drove to that location where they found several people, including two women, standing on the northwest corner and two men and a woman on the southwest corner. A woman pointed at defendant who was one of the men on the southwest corner. The officers approached him and asked if anyone around there had a

gun. Receiving a negative answer one of the officers asked defendant what the problem was. He replied that there was no problem and that the officer could search him if he cared to. Thereupon the officer patted him down finding a .22 caliber derringer pistol in his left rear pocket. The officers took the pistol and arrested the defendant. The defendant did not have a permit to carry the gun.

Defendant contends it was error to admit the pistol into evidence. Because there was other evidence which can be understood as casting doubt on the officer's testimony that defendant consented to the search, including the officer's cross-examination answer that the only reason he had to search defendant was the police radio dispatch, we are asked to find that there was no voluntary consent. We are asked (in effect) to assume that because the police officers were in uniform and failed to warn defendant that he had a right to refuse to be searched, the "consent" was merely an involuntary submission to apparent authority. In other words, we are asked to weigh the evidence to find that the search, or frisk, cannot be justified on the basis of consent. That, of course, is beyond the province of an Indiana appellate court. *Capps* v. *State* (1972), 258 Ind. 565, 282 N.E.2d 833. On the contrary, we must assume that the trial court found that the defendant consented to the police action which discovered the pistol. *United States* v. *Page* (1962), 302 F. 2d 81; *Landsdown* v. *United States* (1965), 348 F. 2d 405. *Miranda* warnings are not a prerequisite to admission of evidence of consent given under circumstances such as existed here. *United States* v. *Young* (1972), 471 F.2d 109; *United States ex rel. Combs* v. *LaVallee* (1969), 417 F. 2d 523, cert. den. 397 U.S. 1002.

Defendant also objected to testimony by the police officers concerning the police radio dispatch and to their testimony that the woman pointed to defendant. The basis of the objection is that such evidence is hearsay. But as the state points out, all testimony recounting

extrajudicial statements is not hearsay. It is hearsay only if the extrajudicial statement is offered and received for the purpose of proving the truth of the facts it asserts. *Boles* v. *State* (1973), 259 Ind. 661, 291 N.E.2d 357, 359, 34 Ind. Dec. 605. Here the extrajudicial declarations were offered and received merely to show why the police were investigating whether defendant had a pistol. It was the investigation and the defendant's consent to be searched which established that he did have the gun. And in view of the fact that it was so established, the so-called hearsay was, in any event, harmless.

Defendant's contention that his guilt was not established by competent evidence beyond a reasonable doubt is premised on the contention that the evidence of his possession of the pistol was inadmissible. With that evidence properly in the record the argument fails.

Defendant also complains of matters which arose after conviction. First, the court failed to follow the command of Criminal Rule 11[1] when he sentenced defendant, but defendant has wholly failed to show that he was in any way harmed by the court's oversight. His motion to correct errors and his praecipe for the record were both timely filed. He lost none of his rights by reason of the court's failure to tell him what his rights were.

Finally, the defendant complains of the severity of the sentence, attributing it to prejudicial misconduct by the

---

1. In pertinent part, CR. 11 requires that:

"* * *

"Following the sentencing of such defendant, the judge shall immediately advise the defendant as follows:

"(1) that he is entitled to file a motion to correct errors which must be done within sixty [60] days of the sentencing;

"(2) that he is entitled to take an appeal from the judgment, but if he wishes to do so, he must first file a timely motion to correct errors and he must file a praecipe designating what is to be included in the record of the proceedings on appeal within thirty [30] days of the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited; [Amended Nov. 30, 1971, eff. as to all appeals where the Motion to Correct Errors is filed on or after April 1, 1972.]

"(3) that if he is financially unable to employ an attorney, the court will appoint counsel for defendant at public expense for the purpose of filing the motion to correct errors and for taking an appeal.

"* * *"

prosecuting attorney, the police, and the probation department. The pre-sentence report and the prosecutor's statements to the court revealed that defendant had been arrested after his conviction on a pre-charge identical to his conviction. The pre-charge was dismissed, but appellant's brief does not make it clear why. Impliedly, however, we are asked to assume that he was not guilty. He was also searched another time but no gun was found.

Whether the trial court meted out an appropriate sentence, all pertinent facts considered, we do not know, but we do know from the record that he made a considerable effort to do so. He not only delayed sentencing until he had a pre-sentence report from his probation department, but he held a post-sentence hearing some four months later and, finally, a third hearing eight days later.

This court has previously given consideration to the new constitutional provision concerning appellate review of criminal sentences[2] and has held:

> "Where, as here, the penalty assessed is in keeping with that prescribed by the legislature, we cannot interfere. We cannot rewrite the statute nor absent an abuse of discretion substitute what we deem to be a more equitable penalty. See *McHaney* v. *State* (1972), 153 Ind. App. 590, 288 N.E.2d 284; *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230." *Gray* v. *State* (1974), 159 Ind. App. 200, 305 N.E.2d 886, 889, 40 Ind. Dec. 410, 415. (See, also, the concurring opinion.)

Defendant has failed to show any abuse of discretion.

Judgment affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 318 N.E.2d 385.

---

2. Article VII, §§ 6 and 4, Constitution of Indiana, as amended November 3, 1970, effective January 1, 1972.