DONALD LEROY SONAFRANK *v.* STATE OF INDIANA.

[No. 3-474A69. Filed February 3, 1975.]

*John F. Branham, Gordon, Glenn, Miller, Bendall & Branham,* of Huntington, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Donald Leroy Sonafrank (Sonafrank) was convicted by a jury of the crime of uttering a forged instrument[1] and was sentenced by the trial court to be committed to the Reception and Diagnostic Center of the Indiana Department of Corrections for a period of not less than two nor more than 14 years. His motion to correct errors was overruled, and Sonafrank perfected this appeal.

The facts in the record most favorable to the appellee State of Indiana establish that in 1972 Mr. Herman H. Niswander (Niswander), an automobile dealer in Huntington, Indiana, sold an automobile to Sonafrank. At that time the title to such automobile was transferred and delivered to Sonafrank, and Niswander received a check in partial payment from the Exchange Bank (the Bank) in Warren, Indiana. Sonafrank had arranged financing for the balance due on the automobile through the Bank. Niswander then placed a lien on the title in favor of the "Warren Ex. Bank", pursuant to an agreement with the Bank. No release of this lien appeared on the title when it was tendered to Sonafrank.

The following year Sonafrank sold the automobile to one Delbert Eddingfield, an automobile parts dealer, and received a check therefor. When Sonafrank tendered the title in consummating the sale, it appeared that the Bank's lien had been released thereon by a Mr. Ben Good. However, Good had, in fact, not released the Bank's lien on the title, and the Bank had never gained possession of the title from Sonafrank.

The first issue which must be considered herein concerns the sufficiency of the evidence adduced at trial to support appellant's conviction.

It is to be noted that when questions concerning the sufficiency of evidence are presented on appeal, this court may consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. Further, it is not our function to weigh the evidence or determine the

---

1. See: IC 1971, 35-1-124-1, Ind. Ann. Stat. § 10-2102 (Burns 1956).

credibility of witnesses. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554. It has been held that a conviction may be sustained upon circumstantial evidence alone so long as the evidence is of such probative value that a reasonable inference of guilt may be drawn therefrom. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. A conviction which rests in whole or in part upon such evidence will not be reversed unless this court can state as a matter of law that reasonable persons, whether they be the jury or the trial court, could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

The elements of the crime of uttering a forged instrument as delineated by IC 1971, 35-1-124-1, Ind. Ann. Stat. § 10-2102 (Burns 1956), are the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud. *McHaney* v. *State* (1972), 153 Ind. App. 590, 288 N.E.2d 284, 33 Ind. Dec. 298.

Appellant contends that there is insufficient evidence to establish that the instrument was forged and thus the element of offering a forged instrument was not proven by the State. However, the testimony of Mr. Good that although his name appeared to have been signed upon the title, such signature was not his, and that the Bank never gained possession of the title clearly shows the ostensible release to be a forgery. Mr. Good did not sign his name to the title, and no one at the Bank had an opportunity to do so, *ergo* the release was necessarily forged.

The next issues to be considered herein arise in connection with the admission in evidence at trial of the check with which Eddingfield paid Sonafrank for the automobile in question. Appellant questions both the admission of the check into evidence and a statement made by the trial court in ruling the item admissible.

Even assuming that the admission into evidence of such check was improper, such alleged error would not constitute reversible error. This is because other evidence sufficient to serve as a basis for the jury to infer the requisite intent to defraud was properly admitted. In *Reid* v. *State* (1973), 156 Ind. App. 692, 298 N.E.2d 480, at 484, the court stated:

> "The intent to defraud may be presumed from circumstantial evidence and the general conduct of the defendant in presenting the instrument for acceptance."

The evidence herein most favorable to the State on this issue establishes that appellant tendered the title with the forgery thereon and accepted a check therefor. We conclude that such tender during an outright sale is sufficient to warrant the jury to believe that the appellant intended to fraudulently exchange a forged instrument for value. *England* v. *State* (1968), 249 Ind. 446, 233 N.E.2d 168. Therefore, Sonafrank's intent to defraud his vendee was sufficiently shown independently of the check here at issue, and its admission into evidence at his trial must be regarded as a harmless error, if error it be. *Crim, a/k/a Miller* v. *State* (1971), 257 Ind. 51, 272 N.E.2d 85; *England* v. *State, supra.*

Furthermore, the statement made by the trial judge in admitting the check that it had been cashed must similarly be regarded as harmless in light of such additional evidence of appellant's intent. This is because it was within the province of the jury to believe or disbelieve the comment based on the evidence, and the trial court did not invade such province. *Smith* v. *State* (1969), 252 Ind. 425, 249 N.E.2d 493. In any event, because appellant failed to object to such statement at trial or move for a mistrial, but rather acquiesced in the continuance of the trial thereafter, this issue has been waived for appeal. *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92.

Appellant's final contentions are that the penalty imposed upon him under IC 1971, 35-1-124-1, *supra,* is violative of cer-

tain constitutional provisions. These contentions have previously been decided adversely to appellant. See: *Hollars* v. *State* (1972), 259 Ind. 229, 286 N.E.2d 166; *Graham* v. *State* (1970), 255 Ind. 237, 263 N.E.2d 521; *McHaney* v. *State, supra,* (1972), 153 Ind. App. 590, 288 N.E.2d 284.

Inasmuch as appellant's contentions disclose no legal cause for reversal, the judgment of conviction of the trial court must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.