Donnie Perry GRESHAM, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1–780A194.

Court of Appeals of Indiana,
First District.

Nov. 10, 1980.
Opinion on Rehearing Dec. 22, 1980.
See 414 N.E.2d 313.

Dennis R. Majewski, Terre Haute, for appellant.

Theodore L. Sendak, Atty. Gen., Eric M. Cavanaugh, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Donnie Perry Gresham appeals from a conviction of forgery, a class C felony,[1] pursuant to the verdict rendered following trial by jury. Gresham was sentenced to the Indiana Department of Correction for a fixed term of five (5) years.[2]

We reverse and remand for a new trial.

## STATEMENT OF FACTS

The facts as gleaned from the evidence most favorable to the State show that on September 29, 1979, Gresham presented a check payable to one Paul R. Toulson and purportedly drawn by Herbert Joseph Owens to a teller at the Terre Haute Savings Bank, requesting cash for the check. Gresham presented two credit cards issued in the name of Paul R. Toulson for identification. The teller compared the drawer's signature on the check with Owens' signature card and found them to be dissimilar. She then called Owens and learned that he had not written such a check. The police were called to the bank. Gresham attempted to leave, but was arrested. The check which Gresham attempted to pass was in fact a forgery.

## ISSUES

Gresham raises the following issues for our consideration in this appeal:

(1) whether the trial court erred in refusing Gresham's tendered Instruction No. 7 that knowledge on the part of the defendant that the check was forged is an essential element of the offense;

(2) whether the court erred in refusing Gresham's tendered Instruction No. 4 relating to circumstantial evidence; and

(3) whether the court erred in denying Gresham's motion for a directed verdict on the forgery charge.

Because we reverse and remand for a new trial on the first issue, it is unnecessary for us to decide the other issues raised in this appeal.

## DISCUSSION AND DECISION

The statute pertaining to forgery, IC 35–43–5–2, defines two distinct crimes. The first is the actual forging of the instrument. The second is uttering a forged instrument. W. A. Kerr, *Survey of Recent Developments in Indiana Law, I. Foreword: Indiana's Bicentennial Criminal Code*, 10 Ind.L.Rev. 1, 24, (1976). It is apparent here from the charging information and the evidence that Gresham was charged and tried for uttering a forged instrument.

Gresham tendered his Instruction No. 7 which read as follows:

"You are instructed that to sustain a conviction for Forgery, the State must prove that the defendant had knowledge that the instrument was forged.

"If the State fails to prove that defendant had knowledge that the check was forged, you must acquit the defendant."

The court refused this instruction, but gave the following instructions pertaining to the essential elements of the offense:

"The crime of forgery is defined by statute as follows:

A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to

1. Ind.Code 35–43–5–2 provides:
"A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:
(1) By another person;
(2) At another time;
(3) With different provisions; or

(4) By authority of one who did not give authority; commits forgery, a class C felony."

2. This is the standard or presumptive sentence for class C felonies pursuant to Ind.Code 35–50–2–6.

have been made by another person; at another time; with different provisions; by authority of one who did not give authority; commits forgery, a Class C felony.

"To convict the defendant the State must have proved each of the following elements:

The defendant

1. with intent to defraud
2. made or uttered a written instrument
3. purporting to have been made: by another person.

"If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

"If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of forgery, a Class C felony."

In order to determine whether the refusal of Gresham's tendered Instruction No. 7 was reversible error, or whether the issue was adequately covered by the court's instruction, we must determine the essential elements of the offense of uttering a forged instrument. Thus, we turn to an examination of authorities on that point.

■ It has been held by a long line of Indiana cases that the elements of the crime of uttering a forged instrument are the offering of a forged instrument, *knowing it to be such*, with a representation that it is genuine, and with an intent to defraud. *Johnson v. State* (1975) 164 Ind.App. 263, 328 N.E.2d 456; *Sonafrank v. State* (1975) 163 Ind.App. 141, 322 N.E.2d 719; *Buckley v. State* (1975) 163 Ind.App. 113, 322 N.E.2d 113; *Hopper v. State* (1974) 161 Ind.App. 29, 314 N.E.2d 98; *Reid v. State* (1973) 156 Ind.App. 692, 298 N.E.2d 480; *McHaney v. State* (1972) 153 Ind.App. 590, 288 N.E.2d 284; *Jackson v. State* (1967) 248 Ind. 579, 228 N.E.2d 3; *Gennaitte v. State* (1963) 243 Ind. 532, 188 N.E.2d 412. These cases clearly establish knowledge that the instrument is forged as an essential element of the offense of uttering a forged instrument. We note, however, that all of these cases were decided under the former forgery statute, Ind.Code 35–1–124–1, the relevant portion of which provided:

"Whoever ... utters or publishes as true any such [forged] instrument ... *knowing the same to be ... forged ... with* intent to defraud any person, body politic or corporate, shall on conviction be imprisoned ...." (Emphasis added).

Thus, we must determine whether the presence of the words "knowing the same to be ... forged" in the former statute and the absence of those words in the present statute renders the aforementioned cases inapplicable. In other words, we must decide whether the present statute by the omission of words pertaining to guilty knowledge by the accused changed the elements of the offense.

In making this determination, a look at decisions in other jurisdictions is helpful. It is undoubtedly the general rule that knowledge on the part of the accused that the instrument offered is forged is an essential element of the offense of uttering a forged instrument. The same rule as to the essential elements of the offense set forth in the previously cited Indiana cases is indeed the rule generally followed in other states. *Heath v. State*, (1980) Fla.App., 382 So.2d 391; *People v. Grable*, (1980) 95 Mich.App. 20, 289 N.W.2d 871; *Strickland v. State*, (1978) Tenn.Cr.App., 575 S.W.2d 957; *Little v. State*, (1978) 85 Wis.2d 558, 271 N.W.2d 105; *Commonwealth v. Anderson*, (1975) 237 Pa.Super. 208, 352 A.2d 92; *State v. Talbot*, (1964) 160 Me. 103, 198 A.2d 163; *People v. Fork*, (1965) 233 Cal.App.2d 725, 43 Cal.Rptr. 804; *Smith v. Commonwealth*, (1957) Ky., 307 S.W.2d 201. See also: 36 Am.Jur.2d, Forgery, § 20; 37 C.J.S. Forgery § 37; Perkins on Criminal Law, p. 354 (1969). It is true that the above cases were decided under statutes which specified guilty knowledge as an element of the offense much like our former statute. Nevertheless, these cases clearly establish the general rule that guilty knowledge is an essential element of the offense of uttering a forged instrument.

The Court of Special Appeals of Maryland was faced with the same question now before us in *Pearson v. State*, (1969) 8 Md. App. 79, 258 A.2d 917. The relevant Maryland statute[3] did not contain an express provision concerning guilty knowledge. Nevertheless, the Maryland court in *Pearson* held knowledge on the part of the defendant that the instrument was forged to be an essential element of the offense of uttering a forged instrument, and reversed the trial court for failure to instruct the jury that guilty knowledge was an element of the offense. *See also: Bieber v. State*, (1970) 8 Md.App. 522, 261 A.2d 202 (where the Maryland Court of Special Appeals reaffirmed its holding in *Pearson* saying that it was error not to instruct that it is an essential element of the offense that the person uttering the forged instrument knew it was forged, but finding the error not material since the defendant neither objected to the court's instruction nor tendered an instruction on guilty knowledge).

We believe *Pearson* to be dispositive of the issue in this case unless the Legislature by the enactment of the forgery section of our present penal code intended to change the elements of this offense. According to the Indiana Criminal Law Study Commission Comments, "[t]his section [I.C. 35–43–5–2] represents a simplified version of the present law of forgery (see IC 1971, 35–1–124–1) omitting the exhaustive listing of things that may be forged and rather concentrating on the means whereby forgery may be accomplished." West's AIC 35–43–

5–2, Indiana Criminal Law Study Commission Comments, p. 8. Professor Kerr in his comment states:

"Indiana's previous forgery statute is one of the best examples of a statute that needed to be rewritten and simplified. For whatever reason, the statute included an exhaustive list of items subject to forgery and this tended to make the elements of the offense somewhat obscure. The new code simplifies the offense by eliminating the list of items and emphasizes the nature or manner in which a writing is made or altered."

10 Ind.L.Rev. at 24.

Thus, it becomes apparent that the purpose of the new forgery section was to simplify the provisions pertaining to forgery, both the making and uttering variety, rather than to change the basic law of forgery or to change the essential elements of the crime. Therefore, we hold that knowledge on the part of the person uttering an instrument that the instrument is forged is an essential element of the offense of uttering a forged instrument which element must be proved by the State. We further hold that it is error not to instruct the jury on the element of guilty knowledge when requested to do so.

In determining whether refusal of a tendered instruction constitutes reversible error we consider (1) whether the tendered instruction is a correct statement of the law, (2) whether there is evidence in the

---

3. Md.Ann.Code, art. 27, § 44:
"Any person who shall falsely make, forge or counterfeit, or cause or procure to be falsely made, forged or counterfeited, or willingly aid or assist in falsely making, forging, altering or counterfeiting any deed, document or affidavit or waiver or release of mechanics' lien, will, testament or codicil, bond, writing obligatory, bill of exchange, promissory note for the payment of money or property, endorsement or assignment of any bond, writing obligatory, bill of exchange, promissory note for the payment of money or property, acquittance or receipt for money or property, or any acquisition or receipt either for money or for property, with intention to defraud any person whomsoever, or shall utter or publish as true any false, forged, altered or counterfeited deed, will, tes-

tament or codicil, bond, writing obligatory, bill of exchange, promissory note for the payment of money or property, or endorsement, or assignment of any bond, writing obligatory, bill of exchange, promissory note for the payment of money or property, acquittance or receipt for money or property, or shall utter or publish as true, with intention to defraud any person whomsoever any false document of waiver or release of mechanics' lien shall be deemed a felon, and on being convicted thereof shall be sentenced to the penitentiary for not less than one nor more than ten years."
This statute has since been amended to add powers of attorney to the instruments enumerated and to provide for a fine as an alternative or additional penalty.

record to support the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions which were given. *Smith v. State*, (1980) Ind.App., 403 N.E.2d 869, *trans. denied.* Here, we have already determined that the tendered instruction is a correct statement of the law. We now determine that it was not adequately covered by the instructions given, and that it was an instruction which was both relevant to and required by the issues and evidence in this case. Therefore, it was reversible error to refuse Gresham's tendered Instruction No. 7, and this cause should be remanded for a new trial.

Judgment reversed and remanded for a new trial.

ROBERTSON, P. J., and NEAL, J., concur.